## POWELL *v.* BERRY.

Where in a suit brought by a mother to recover for the tortious homicide of her son the petition alleges that the injuries to the son which resulted in his death were the result of the defendant's driving his automobile at a dangerous and negligent rate of speed around the curve of a road, that the decedent was sitting on a back seat of the automobile and had no control or direction of the defendant, the driver and owner of the car, who was then under the influence of liquor to such an extent as to make him careless and reckless, and that in consequence of the carelessness and negligence of the defendant her son was killed by the overturning of the machine, there being nothing in the petition to show that the decedent himself was aware of the defendant's intoxicated condition, the court properly overruled a general demurrer to the petition.

JANUARY 18, 1915.

Action for damages. Before Judge Bell. Fulton superior court. October 16, 1913.

Mrs. F. M. Berry brought suit against George B. Powell, to recover damages for the homicide of her son, upon whom, it is alleged, she was dependent and who contributed to her support. She further alleged, that on the day of the fatal occurrence her son entered the defendant's automobile as his guest and sat on the back seat; that he had no control or direction of the defendant's actions; that the defendant drove the car at a rapid and reckless rate of speed around the curve of a road, and the car, after running first on one side of the road and then the other, ran off the road upon an embankment, and, suddenly stopping, threw the decedent out, the car turning on top of him, resulting in the infliction of injuries from the effects of which he died four days later. The defendant filed a general demurrer to the petition, and to the order of the court overruling the demurrer he excepted.

*Simmons & Simmons,* for plaintiff in error.

*Westmoreland Brothers* and *J. Caleb Clarke,* contra.

Beck, J. (After stating the foregoing facts.) The court properly refused to dismiss this case upon general demurrer. The petition shows that the death of the plaintiff's son, who contributed to her support and upon whom she was dependent, was due to the negligence of the defendant, who was driving his automobile, by the overturning of which the plaintiff's son was killed, at a highly dangerous and negligent rate of speed. That the defendant's negligence was the cause of the death of plaintiff's son, under the allegations of the petition, is not disputed in the argument of counsel for plaintiff in error; but they insist upon the contention that the petition shows, if we apply the rule that the pleadings shall be construed most strongly against the pleader, that the decedent himself was guilty of such contributory negligence that had he survived he could not himself have recovered from the defendant for any injuries received because of the overturning of the automobile, and therefore that his mother can not recover, because negligence upon his part which would have defeated a recovery had his injuries not been fatal would prevent recovery in an action brought by his mother for his homicide. This contention, that the decedent was guilty of such negligence as to prevent recovery, is based upon the allegation that the defendant was under the influence of intoxicating liquor to such an extent as to make him careless and reckless and without regard to the safety of the life or limb of the decedent; and counsel for the demurrant insists that the decedent, in getting in an automobile which was to be driven by one in the condition which is ascribed to the defendant, the owner of the car, was guilty of such negligence that neither he if living, nor the plaintiff in this case, should be allowed to recover. But we can not agree to this contention. There is nothing in the petition to show that the decedent was aware of the intoxicated condition of the defendant at the time of entering the automobile, nor that he became aware of it in time and under circumstances which would have made it possible for him to leave the car before the catastrophe, or to control or regulate the conduct of the reckless driver and owner of the car. There is nothing in the petition to show that the decedent ever became aware of the defendant's intoxicated condition at the time of the accident. So far as is disclosed by the petition itself, the plaintiff, who makes the allegations charging the defendant with intoxication at the time of the fatal event, may

have ascertained that condition from information furnished by some person other than her deceased son.

*Judgment affirmed. All the Justices concur, except Fish, C. J., absent.*