NATIONAL NOVELTY IMPORT COMPANY v. J. M. MOORE.

(Filed 31 May, 1916.)

**1. Vendor and Purchaser—Contracts—Fraud—Trials—Evidence.**

> Parol evidence that the plaintiff's salesman procured the written contract for the sale of jewelry sued on by falsely representing that certain named responsible dealers had purchased similar jewelry from him is sufficient to sustain a verdict setting aside the writing for fraud, and the evidence is not objectionable under the statute of frauds.

**2. Quantum of Proof—Fraud—Sale of Goods.**

> It is not required that the defendant show fraud in the procurement of a written contract for the sale of goods, by clear, strong, and convincing proof, when such fraud is relied upon in defense of an action to recover the contract price.

**3. Instructions Requested—General Charge—Appeal and Error—Harmless Error.**

> An erroneous prayer for instruction asked by appellant, and substantially given by the judge in his general charge is harmless error.

**4. Contracts, Written—Fraud in Procurement—Parol Evidence.**

> Where a written contract is sought to be set aside upon parol testimony as to fraud in its procurement, the rule that the writing affords the best evidence of the contract has no application.

CIVIL ACTION, tried before *Ferguson, J.,* and a jury at November Term, 1915, of MACON, upon these issues:

1. Was the defendant induced to enter into the contract, "Exhibit

A," by the plaintiff's agent falsely and fraudulently representing to the defendant that Sam Franks, a merchant in Franklin, N. C., had purchased and was selling said goods, and that Holmes Bryson, a merchant at Dillsboro, N. C., had purchased and was selling said goods? Answer: "Yes."

2. Did the defendant refuse to receive said goods and reship them to the plaintiff because of the false and fraudulent representations? Answer: "Yes."

From the judgment rendered, plaintiff appealed.

*T. J. Johnston, H. G. Robertson for plaintiff.*
*G. L. Jones, Gilmer A. Jones for defendant.*

BROWN, J. Plaintiff sued to recover of defendant the purchase price of certain jewelry sold by plaintiff's salesman to defendant. Upon arrival, defendant refused to accept the goods and repudiated the transaction upon the grounds as set forth in the answer:

1. That he had an agreement with the salesman of the plaintiff that he could cancel the order; and

2. That the sale was procured by fraud, in that the defendant was induced to enter into the contract by reason of certain fraudulent statements made by the salesman that such men as Holmes Bryson of Dillsboro and Sam Franks of Franklin had purchased the same line and were well pleased, when in fact neither had made such purchases.

The first defense was excluded by the court and issues were submitted to the jury on the second.

At the close of all the evidence plaintiff moved for judgment upon the pleadings and evidence. The court declined the motion and plaintiff excepted. Plaintiff then requested the court to charge the jury:

1. That if the jury believe the evidence in this case they shall return a verdict for the plaintiff.

2. That there is no evidence of fraud in this case, and it is the duty of the jury to so return their verdict.

3. That the burden is upon the defendant to satisfy the jury by clear, strong, and convincing testimony that the plaintiff or its agent practiced fraud in inducing the defendant to enter into the contract in question, and I hereby charge you that the defendant has failed to produce such testimony, and it is your duty to answer the first issue "No."

4. That when a statement is in writing, when parties have reduced and put their transactions in writing, the law attaches greater weight to such writing than to oral testimony, depending upon the memory or recollection of witnesses. The writing cannot change. Our memories are liable to deceive us; but when a thing is in writing the law gives it greater weight than the memory of a witness or verbal evidence.

The court refused to give the same, and plaintiff excepted.

We are of opinion that the court did not err in overruling plaintiff's motion for judgment.

The pleadings raise the issue of fraud in the execution of the contract sued on. The issues were properly submitted to the jury. There is sufficient evidence of fraud to justify the verdict of the jury, and, therefore, the first and second prayers for instruction were properly declined. The judge substantially but erroneously gave the third prayer, and thereby required the defendant to establish his plea by a degree of proof not required by law.

It is true, the burden of proof rested on the defendant, but not to satisfy the jury by clear, strong and convincing proof. That rule of law does not apply to cases of this kind, where defendant repudiates a contract of sale, written or verbal, upon the ground that he was induced to enter into it by the false and fraudulent representations of the seller. The true application of this rule of evidence is pointed out in *Harding v. Long*, 103 N. C., 1.

This error, however, was in plaintiff's favor. The fourth prayer was properly refused. The principle invoked by plaintiff has no application where the issue involved is one of fraud and the written contract is sought to be set aside because of fraud in procuring its execution.

Upon an examination of the record we find

No error.