# Richmond.

## CITY OF DANVILLE V. LIPFORD.

### January 11, 1917.

1. NEW TRIAL—*Master and Servant.*—In an action by a servant against his master for personal injuries, due to the negligence of the master, a verdict for the servant will not be set aside, although there is much in the evidence tending to show that the plaintiff's injury was due to a mere accident, without fault on the part of the defendant, where there is also evidence sufficient to sustain the finding of the jury to the contrary.

2. INSTRUCTIONS—*Master and Servant*—In an action for personal injuries by a servant against his master, where the instructions deal with familiar principles, and those given by the court fully and fairly submit to the jury the theory of each party, an assignment of error to the action of the court in giving and refusing the instructions to the jury is without merit.

3. INSTRUCTIONS—*Master and Servant—Instruction Covered by one Already Given.*—In an action by a servant against his master for personal injuries received while working upon a defective trestle, the defendant asks the following instruction, which was refused: "The court instructs the jury that the unbending test of negligence is the general usage and practice of companies using like instrumentalities, and in order to establish negligence on the part of the defendant, plaintiff must show by a preponderance of the evidence that the trestle in question was dangerous and not up to the standard established by the ordinary usage of the business." This was held no error. The evidence upon which the defendant sought to avail itself of the unbending test to be found in the ordinary usage of the business was exceedingly meagre. If the defendant had the right at all under the evidence to have the jury consider the practice of persons using trestles similar to the one in question here, that right was fully protected by an instruction given for defendant which stated "that ordinary or reasonable care is such care as other reasonably prudent companies or persons use in conducting a like business."

4. EVIDENCE—*Irrelevant Evidence—Harmless Error.*—In an action by a servant against his master for injuries sustained while

working upon a trestle, defendant moved to exclude all evidence in relation to ice which was shown to have formed on the surface of the trestle. There was no mention of this ice in the declaration, but the motion to exclude the evidence in regard to it was not made until after the plaintiff had been fully cross-examined about it, had rested his case, and the defendant had examined the principal witness in its own behalf. Counsel then stated to the court that "in going over the declaration again" he had noticed that the ice was not mentioned, and he therefore moved the court to exclude the evidence in regard to it. The court replied that "it would hardly be proper to exclude that evidence entirely; it may go to the jury in order that the whole surrounding circumstances may be considered; but the jury will be instructed, if requested, that if they believe that the ice on the track was the proximate cause of the injury, there could be no recovery in this case." This statement by the court seems to have been made in the presence of the jury; and, in addition thereto, when all the evidence was in, the court did give the following written instruction: "The court further instructs the jury if they believe from the evidence the plaintiff slipped on ice and this was the proximate cause of the injury they must find for the defendant."

*Held:* Under these circumstances there was no error in the action of the court in this regard.

Error to a judgment of the Circuit Court of the city of Danville. Judgment for the plaintiff. Defendant assigns error.

*Affirmed.*

Instructions given for plaintiff:

1. The court instructs the jury that it was the duty of the defendant to use ordinary care to provide and maintain a reasonably safe and suitable trestle or structure upon which it required plaintiff to perform duties it assigned him, and if they believe from the evidence that defendant failed to do this and plaintiff was injured while in discharge of his said duties without negligence on his part, and said injuries were proximately caused by said negligence, they should find for the plaintiff, unless they believe from the evidence that the injuries complained of resulted from a

36

defect in the trestle that was open and obvious to the plaintiff or he had actual knowledge of such defect.

110 Va. 850.

2. The court further instructs the jury that the plaintiff had a right to presume that defendant had performed its duty in regard to providing him a reasonably safe place in which to work and a reasonably safe trestle or structure upon which to work, unless the defect complained of was open and obvious to the plaintiff or he had actual knowledge of such defect.

88 Va. 546.  90 Va. 249.

3. The court instructs the jury that if they should find for the plaintiff they may, in estimating the damages, take into consideration his physical and mental suffering arising from his injury, his loss of wages, if any, and the time he was prevented by said injuries from working, all moneys paid out and expenses incurred by him in his endeavor to be healed of said injuries, and proper compensation for his being deprived by said injuries from following such calling or business as he could have followed but for said injuries; all of which shall not exceed $2,000.00, amount charged in declaration.

Instructions requested by defendant but refused:

E. The court instructs the jury that the unbending test of negligence is the general usage and practice of companies using like instrumentalities, and in order to establish negligence on the part of the defendant plaintiff must show by a preponderance of the evidence that the trestle in question was dangerous and was not up to the standard established by the ordinary usage of the business.

110 Va. 847.

I. The court instructs the jury that if they believe from the evidence that the weight of the loaded car or the handling of the car caused plaintiff to lose his balance and step

in the opening or fall from the trestle, they must find for the defendant.

J. The court instructs the jury, if they believe from the evidence the opening in the trestle was open and obvious or plaintiff could in the exercise of ordinary care have known of the opening and the danger of slipping in same, this was a risk assumed by the plaintiff and they must find for the defendant.

Instructions given for defendant:

"A." The court instructs the jury that the mere fact that the plaintiff was injured while working on a trestle maintained by the city of Danville, will not warrant them in finding a verdict against the city of Danville. The gravamen of this action is the alleged negligence of the defendant and until this is shown by a preponderance of the evidence to the satisfaction of the jury, there can be no recovery against the defendant.

"B." The court instructs the jury that ordinary or reasonable care is such care as other reasonably prudent companies or persons use in conducting a like business; that it was only the duty of the city of Danville to use reasonable care as above set out in conducting its gas business, but it was not its duty to adopt a mode of conducting its business different from its usual custom, because some may think such mode a safer way to conduct it; that the city of Danville was not an insurer of said Lipford and was not bound to provide him an absolutely safe place to work in, but was only bound to exercise ordinary care to provide him a reasonably safe place in which to work.

"C." The court instructs the jury that when a servant enters the service of the master, he assumes all the ordinary risk of such service, and, also as a general rule, assumes all risk from causes which are known to him, or should be readily discernible by a person of his age or capacity, in the exercise of ordinary care. When the employee is placed by

his employer in a position where he can see, or with reasonable intelligence and care find and disclose the dangers of such position, and is a mature man, doing the ordinary work which he has engaged to do, and whose risks are obvious to anyone, he assumes the risk of the employment and no negligence can be imputed to the employer for an accident to him therefrom.

"D." The court further instructs the jury that if they should believe from the evidence that the defendant city was negligent in maintaining said trestle, yet if they further believe from the evidence that the plaintiff knew, or could by the exercise of ordinary care have known of the danger incident to the use of said trestle, and by the use of ordinary care on his part have avoided this alleged defect, and through his own lack of care contributed to his injury, they must find for the defendant.

"F." The court further instructs the jury that the defendant in this action was under no greater obligation to care for the safety of the plaintiff, J. E. Lipford, than the said J. E. Lipford was to care for his own safety; and if the jury believe from the evidence that said Lipford knew of the alleged defect in said trestle and that it was dangerous to step in or get his foot caught in said hole, and that in the exercise of due care he should have avoided coming in contact with said hole, then they should find for the defendant in this action.

"G." The court instructs the jury that even if they believe from the evidence that the trestle was defective, as alleged in the declaration, and that this was due to neglect on the part of the defendant, yet if they further believe from the evidence that this defect was open and obvious and that plaintiff had full knowledge of its danger, the use of the trestle by plaintiff in its dangerous condition was a risk assumed by the plaintiff and you should find for the defendant.

"H." The court further instructs the jury if they believe from the evidence the plaintiff slipped on ice and this was the proximate cause of his injury they must find for the defendant.

*E. Walton Brown,* for the plaintiff in error.

*B. H. Custer,* for the defendant in error.

KELLY, J., delivered the opinion of the court.

This is a writ of error to a judgment in favor of J. D. Lipford against the city of Danville, in an action for damages for personal injuries.

Lipford, whom we shall hereinafter call the plaintiff, was employed as a laborer by the city in connection with the operation of its gas plant. His duty was to load tipple cars with coke in the basement of the gas plant, place them on an elevator, hoist them to the level of a tipple track, push them out on the tipple and dump their contents to the ground under the trestle. The trestle was some ten or twelve feet high. The track on the trestle was supported by ties laid about twenty inches apart. A walkway was provided betwen the rails by means of two thick planks nailed down lengthwise close together, filling up practically all of the space between the rails. Outside of the rails, on the projecting ends of the ties, planks about seven and a half inches wide were nailed down parallel to the rails, extending along the entire length of the trestle. The space between these planks and the outer edge of the rail varied somewhat, but at no point was it over five inches. The manager of the plant testified that the regular and usual distance was two and

a half to three inches. These outside planks were placed there primarily as a walkway to enable employees to pass around the cars when they are dumped.

The plaintiff had been working for the city, in this same capacity, for seven or eight years. There were two branches or spurs to the trestle, however, and he had not been on the branch on which he was hurt for about six months prior to the night of the accident. At about three o'clock A. M. he was attempting to dump a car, and his foot slipped into what is designated practically throughout the testimony as "a hole" on the outside of the rail. The weight of the car threw him over, his foot was caught, and his leg was broken.

The case was tried upon an amended declaration to which there was no demurrer. The first count, and the one to which the evidence seems to have been directed, may be epitomized as an allegation of the defendant's breach of duty to furnish the plaintiff a reasonably safe place to work, in that the trestle was insufficiently lighted and contained the hole in question, which had been negligently permitted to remain there in a condition liable to result in an accident such as the one by which plaintiff was injured.

There are three assignments of error, the first being that the court erred in refusing to grant defendant a new trial on the ground that the verdict of the jury was contrary to the law and the evidence. We do not think this assignment is good. There is much in the evidence tending to show that the plaintiff's injury was due to a mere accident, without fault on the part of the defendant, but there is also evidence sufficient to sustain the finding of the jury to the contrary, and we cannot interfere with that finding.

There is evidence clearly tending to show the following facts, in addition to those above recited: That all over the trestle, at different places, the timbers had from time to time given way leaving holes and defects requiring frequent repairs; that at the point where the plaintiff fell there

was a "crack" or opening "on the outside of the rails" where the planks were rotten or decayed; that this hole or crack was the largest one there, being "about eight inches," or an "eight inch hole in there;" and that the lights that morning were low and dim.

At the conclusion of the evidence the jury, by consent of both sides, were given a view of the premises. This, of course, could not add to the evidence, but it did place the jury in a position which enabled them to fully understand and comprehend the conditions at the time of the accident, the fact appearing that these conditions remained the same up to the time of the trial.

We do not overlook the contention of the defendant that plaintiff knew or ought to have known of the alleged defect. It is true that he was an old employee, and had worked for a long time on the trestle on which he was hurt; but he had not, as we have seen, been on it for nearly six months prior to the night on which he was hurt. He says: "I had not been on the old trestle since June 1st. (He was injured Nov. 24th). * * * we had used the new trestle up to that night. * * * I did not know the lumber was rotted out, because the trestle had been filled up (with coke dumped under it) ever since May. The lights were down low that morning. They got real dim. I don't know what was the matter with them, but they had just as good been out for that fog from the car." The "fog" he speaks of was a steam or vapor from the coke caused by water turned on it at the loading point to cool it.

Enough of the evidence has been recited to show that, if the jury disregarded the opposing evidence of the defendant, as they might within their province have done, they were warranted in finding that the defendant was negligent as charged in the declaration, and that the plaintiff is not barred from a recovery, either by contributory negligence or by assumption of the risk. In other words, upon a de-

murrer to the evidence, as we must view it, the case is with the plaintiff.

The next assignment of error is to the action of the court in giving and refusing instructions to the jury. The instructions given and those refused will appear in full in the official report of this case. We shall content ourselves, in the main, by saying, on this branch of the controversy, that the instructions deal with familiar principles, that those which the court gave fully and fairly submitted to the jury the theory of each party, and that this assignment of error is without merit. The only instruction which we shall mention specifically is instruction "E," asked for by the defendant and refused. It is as follows:

"The court instructs the jury that the unbending test of negligence is the general usage and practice of companies using like instrumentalities, and in order to establish negligence on the part of the defendant, plaintiff must show by a preponderance of the evidence that the trestle in question was dangerous and not up to the standard established by the ordinary usage of the business."

The evidence upon which the defendant sought to avail itself of the "unbending test" to be found in the ordinary usage of the business was exceedingly meagre. If it had the right at all under the evidence to have the jury consider the practice of persons using trestles similar to the one in question here, that right was fully protected by the portion of instruction "B" given for defendant which stated "that ordinary or reasonable care is such care as other reasonably prudent companies or persons use in conducting a like business."

The remaining assignment of error is based upon the refusal of the court to exclude all evidence in relation to the ice which was shown to have formed on the surface of the trestle and on the outside plank at or near the alleged "hole." There was no mention of this ice in the declaration,

but the motion to exclude the evidence in regard to it was not made until after the plaintiff had been fully cross-examined about it, had rested his case, and the defendant had examined the principal witness in its own behalf. Counsel then stated to the court that "in going over the declaration again" he had noticed that the ice was not mentioned, and he therefore moved the court to exclude the evidence in regard to it. The court replied that "it would hardly be proper to exclude that evidence entirely; it may go to the jury in order that the whole surrounding circumstances may be considered; but the jury will be instructed, if requested, that if they believe that the ice on the track was the proximate cause of the injury, there could be no recovery in this case." This statement by the court seems to have been made in the presence of the jury; and, in addition thereto, when all the evidence was in, the court did give the following written instruction:

"The court further instructs the jury if they believe from the evidence the plaintiff slipped on ice and this was the proximate cause of the injury they must find for the defendant."

Under these circumstances, we are of opinion that there was no error in the action of the court in this regard.

The judgment is affirmed.

*Affirmed.*