## Richmond

## Shiflett's Administratrix v. Virginia Railway and Power Company.

### March 15, 1923.

1. Instructions—*Evidence to Support Instruction—Test—Duty to Instruct.* —The test to be applied in determining whether there is sufficient evidence to furnish the basis for an instruction is, would a verdict in accordance with the instruction be set aside for lack of evidence to support it? If not, then the instruction may be properly granted. Wherever there is evidence before the jury which would support a verdict upon a motion to set it aside, the court is obliged to instruct, if requested so to do.

2. Street Railways—*Action for Injuries Resulting from Collision—Contributory Negligence—Burden of Proof.*—In the instant case actionable negligence on the part of the defendant being assumed in an instruction given at the defendant's request, the burden of introducing evidence to show the contributory negligence of the plaintiff's intestate (sometimes called the burden of proof) fell upon the defendant, and, unless it carried this burden, the plaintiff was entitled to a verdict.

3. Street Railways—*Collision Between Street Railway and Automobile—Contributory Negligence of Deceased, a Passenger—Driver of Car Under Influence of Liquor—Instructions—Case at Bar.*—In the instant case both plaintiff's intestate and the driver of the car in which she was riding were killed by a collision with a street car. There was a strong odor of whiskey on the driver's breath. Part of an empty whiskey bottle, with a few drops of whiskey, was found in the automobile. A napkin that had apparently been used for a lunch and an empty whiskey bottle were found at the scene of the accident, but it was not shown where they came from. The driver turned suddenly across the street car track in close proximity to the car that struck the automobile. It did not appear in what capacity the driver was operating the car, nor what, if any, act of the driver put plaintiff's decedent on notice of his unfit condition. Nor was there any evidence of any negligent act of the driver prior to his attempt to cross the track. The court instructed the jury that if the driver was noticeably under the influence of liquor and this fact was known to plaintiff's decedent, and she voluntarily drove with him in the automobile, plaintiff could not recover.

*Held:* That the language "noticeably under the influence of liquor" was itself equivocal, but even if it be construed in the light most favorable to the plaintiff, and if there had been evidence to support it, it should have been made clearly to appear that the condition existed at the time when the intestate entered the automobile, or that she had the opportunity of leaving it after the condition was discovered.

4. STREET RAILWAYS—*Collision Between Street Railway and Automobile— Contributory Negligence of Deceased, a Passenger—Driver of Car Under Influence of Liquor—Case at Bar.*—Where the evidence showed that the driver of an automobile had been drinking, and the jury might have inferred that he was under the influence of liquor, this is not enough to charge a passenger with the consequences of his negligence, where for aught that appeared in the record, the driver might have been operating a taxi or a jitney, and the passenger might have entered the car in utter ignorance of the fact that the driver had ever taken a drink. There was no evidence of any negligence on the part of the driver from the point at which the passenger entered his car to his abrupt turn upon the street car track at the point of the accident that would have put the passenger on notice that it was not safe to ride with him, nor that the passenger could have left the car before the collision. On these subjects the burden of introducing evidence was on the defendant, the street railroad.

5. AUTOMOBILES—*Negligence of Driver—Imputable Negligence.*—The negligence of the driver will, in general, not be imputed to a guest in a private vehicle, exercising no control over the driver, or to a passenger in a hired vehicle having no authority over the driver. In order to hold the guest or passenger liable in such case, his conduct must be such as to establish independent negligence on his part in continuing to ride with one whom he knew or ought to have known was, for some reason, an unsafe driver.

6. AUTOMOBILES—*Imputable Negligence—Intoxicated Driver.*—While the negligence of the driver is not imputable to the passenger, yet the conduct of one riding and continuing to ride in an automobile when he must have known that the driver was intoxicated establishes his independent negligence.

7. AUTOMOBILES—*Intoxication of Driver—Imputable Negligence—Case at Bar.*—In the instant case, an action for death sustained in a collision of an automobile with a street car, there was evidence from which the jury might have inferred that the driver of the car was under the influence of liquor. But in order to charge plaintiff's intestate, a passenger in the car, with the negligence of the driver, it was necesary to show that she was aware of the intoxicated condition of the driver at the time of entering the automobile, or that she became aware of it in time and under circumstances which would have made it possible for

her to leave the car before the accident, or to control or regulate the conduct of the driver, and defendant introduced no evidence to that effect.

8. Negligence—*Affirmative Proof—Use of the Word "Affirmatively" in Instruction—Collision Between Street Car and Automobile.*—In an action against a street railway for death occurring in a collision between a street car and an automobile, the court instructed the jury that, unless the plaintiff "does affirmatively prove" that the motorman of the car was guilty of negligence, the jury should find for the defendant. Plaintiff objected to the use of the word "affirmatively" in the instruction.

Held: That the use of the word "affirmatively" in an instruction of this character has been approved by the Supreme Court of Appeals in several cases.

9. Negligence—*Instruction Requiring Proof by a Preponderance of the Evidence and to the Satisfaction of the Jury—Collision Between Automobile and Street Car—Case at Bar.*—In the instant case, an action against a street railway company for death occurring in a collision between a street car and an automobile, the court instructed the jury that plaintiff must prove "by a preponderance of the evidence and to the satisfaction of the jury that the motorman of the street car was guilty of the negligence charged."

Held: That while it was better to use only the standard formula of a preponderance of the evidence, yet it was not likely that the jury could have been misled by the addition of the words "and to the satisfaction of the jury."

10. Words and Phrases—*"Satisfy."*—The primary meaning of "satisfy" is "to cause to have enough."

11. Street Railways—*Collision Between Street Car and Automobile—Imputable Negligence—Violation of City Ordinance—Instructions—Case at Bar.*—In the instant case, an action against a street railway for death occurring in a collision between a street car and an automobile, it was proper to instruct the jury that the failure of the driver of the automobile to observe an ordinance of the city constituted negligence on the part of the driver, but it was error for the instruction to assume that the negligence of the driver should be imputed to plaintiff's intestate, a passenger, and to direct a verdict for the defendant, if the jury believed that the negligence of the driver was the proximate cause of the injury. Whether the negligence of the driver was to be imputed to the plaintiff's intestate depended upon other facts and circumstances not set out in the instructions.

12. Instructions—*Repetition.*—Refusal of instructions tendered by plaintiff is not error, where the instructions are sufficiently covered by other instructions given by the court.

Error to a judgment of the Hustings Court, Part II, of the city of Richmond, in an action of trespass on the case.   Judgment for defendant.   Plaintiff assigns error.

*Reversed.*

The opinion states the case.

*John A. Cutchins* and *M. J. Fulton*, for the plaintiff in error.

*E. Randolph Williams, T. Justin Moore* and *Chas. J. Churchman*, for the defendant in error.

Burks, J., delivered the opinion of the court.

This is an action to recover damages for the death of the plaintiff's intestate occasioned by a collision with a street car of the defendant, which the plaintiff alleges was negligently operated.   There was a verdict and judgment for the defendant, and the plaintiff assigns error.

Broad street, in the city of Richmond, runs practically east and west, and along the center of it there is the defendant's double street car track; the two tracks being about eight feet apart.   In the space between the tracks, at the scene of the collision, there is a row of trees about forty feet apart.   Lombardy street enters Broad from the south, at right angles, but does not cross it.   On the night of July 10, 1918, about 9:30 o'clock, the plaintiff's intestate, Mary Virginia Shiflett, a young woman about twenty years of age, was going west on Broad street in a Ford automobile driven by Lewis Tyree.   She was sitting on the seat by the driver.   The automobile was being driven either on the west bound track of the street car line, or between that track and the north side of Broad street.   At or near a

point opposite the east side of Lombardy street, the driver, suddenly and without warning of any kind, turned his automobile to the left and attempted to cross the east bound track of the defendant and was struck by a car of the defendant going east. The automobile was turned over on its side and dragged a short distance, and both Tyree and Miss Shiflett were thrown out, and received such serious injuries that they were rendered immediately unconscious, and died the same night. There was a strong odor of whiskey on the breath of Tyree, which was observed by the two doctors who attended him, and by those who assisted in putting him in the ambulance which carried him to the hospital, and there was found in the wrecked automobile, just back of the driver's seat, a part of a whiskey bottle with four or five drops of whiskey in it. There was also found at the scene of the collision a napkin which had evidently been used to wrap a lunch, and the neck of a whiskey bottle, which had a smell of whiskey in it, but "whether it came from the street car or automobile, or where," the witness was unable to say. The plaintiff based her right of recovery on the negligence of the defendant in the high rate of speed at which the street car was running, and the failure to give any signal for the crossing. The defenses relied on by the defendant were: First, that the motorman of the car was not guilty of any negligence whatever; second, that the sole proximate cause of the accident was the negligence and reckless conduct of Tyree, the driver of the automobile, which was probably the result of his intoxicated condition, and that even if the motorman of the car was negligent the plaintiff's decedent was guilty of contributory negligence in voluntarily riding in the automobile with Tyree while he was noticeably under the influence of intoxicating liquor.

There was conflict in the testimony as to the rate of speed at which the street car was running and as to giving warning for the crossing. The street was straight at the point of collision, and the two vehicles approached from opposite directions in plain and full view of each other. There is some slight conflict as to the rate at which the automobile was traveling, but the decided weight of the testimony is to the effect that it was traveling at a moderate rate of speed.

The assignments of error are to the action of the trial court in granting and refusing instructions, and refusing to set aside the verdict of the jury. The most important of these assignments is the granting of instruction 8 on the motion of the defendant. This instruction was as follows:

"The court instructs the jury that if they believe from the evidence that Tyree, the driver of the automobile, was noticeably under the influence of liquor and that this fact was known to, or by the exercise of ordinary care should have been known to Mary Virginia Shiflett, and that under such circumstances she voluntarily drove with him in the automobile, then the court instructs the jury that she thereupon assumed the risk of any injury which may have been caused or efficiently contributed to by any negligence of Tyree in the operation of the automobile, and if the jury believe from the evidence that the manner in which Tyree operated the automobile on the occasion of the accident in question was negligent, and that his negligence either proximately caused or efficiently contributed in any degreee in causing the accident, the jury must find their verdict for the defendant."

[1] The chief objection to the instruction is that there was not sufficient evidence on which to base it, and that it is "absolutely erroneous and misleading, and in no

sense correctly states the law." The test to be applied in determining whether there is sufficient evidence to furnish the basis for an instruction is, would a verdict in accordance with the instruction be set aside for lack of evidence to support it? If not, then the instruction may be properly granted. "Wherever there is evidence before the jury which would support a verdict upon a motion to set it aside, the court is obliged to instruct, if requested so to do." *Ches. & O. R. Co.* v. *Stock*, 104 Va. 97, 51 S. E. 161. We shall consider the case, therefore, in this light. But before doing so, some further observations are necessary.

The verdict for the defendant may have been because the jury believed (1) that the defendant was not guilty of any actionable negligence or (2) that, although the defendant was guilty of negligence which was the proximate cause of the injury complained of, the plaintiff's intestate was also guilty of negligence which proximately caused or contributed to the said injury. It is the second proposition only that we are to discuss in connection with instruction 8. That assumes the existence of actionable negligence on the part of the defendant, and we shall also assume it for the purpose of the discussion, but only for that purpose, because the evidence on that subject was conflicting, and we do not wish to be understood as expressing any opinion upon it.

[2] Actionable negligence on the part of the defendant being assumed in the instruction given at the defendant's request, the burden of introducing evidence to show the contributory negligence of the plaintiff's intestate (sometimes called the burden of proof) fell upon the defendant, and unless it carried this burden, the plaintiff was entitled to a verdict. *Washington Southern R. Co.* v. *Grove*, 113 Va. 411, 74 S. E. 148.

Assuming then that the defendant was negligent, and

that its negligence was the proximate cause of the injury complained of, has it been relieved of the consequent liability, by the evidence either of the plaintiff or the defendant showing negligence on the part of the plaintiff's intestate which proximately contributed to the injury complained of?   We think not.

[3, 4] The most that the defendant can claim from its evidence is that at the time of the collision there was a strong odor of whiskey on Tyree's breath, that a part of an empty whiskey bottle with a few drops of whiskey was found in his automobile just back of the driver's seat at the time of the collision; that a napkin that had apparently been used for a lunch and an empty whiskey bottle were found at the scene of the accident, but it was not known where it came from.   To these must be added the sudden and unexpected turn of the automobile across the street car track in close proximity to a car approaching on the east bound track.   On the other hand, it does not appear whose car Tyree was operating, nor when nor where Miss Shiflett boarded it, nor in what capacity Tyree was operating it, nor what, if any, act Tyree had done prior to her entering the car to put Miss Shiflett on notice of his unfit condition to run the automobile, nor what, if any, opportunity Miss Shiflett had to leave the automobile.   Nor is there any evidence of any negligent act of Tyree prior to his attempt to cross the track.   The evidence of one of the defendant's motormen was that Tyree came from behind him and took the west bound track, on which he was running, just ahead of him at Harrison street, and kept ahead of him fifty to seventy-five feet to Bowe street, where the witness had to discharge a passenger, and this was not more than half a block from the scene of collision, and a half dozen witnesses for the plaintiff put the speed of the automobile at from five to ten miles an hour.   Tyree

was also shown to have had experience as an automobile driver. The evidence shows that Tyree had been drinking, and the jury may have inferred that he was under the influence of liquor, but this is far from charging the intestate with the consequences of his negligence. For aught that appears in the record, Tyree may have been operating a taxi or a jitney, and the intestate may have entered his car and paid her fare at Harrison street in utter ignorance of the fact that he had ever taken a drink. There is no evidence of any negligence on his part from that point to the turn to cross the track that would have put her on notice that it was not safe to ride with him, nor that she could have left the car before the collision. On these subjects the burden of producing evidence was on the defendant, but it offered none.

The language "noticeably under the influence of liquor" is itself equivocal, but even if it be construed in the light most favorable to the plaintiff, and if there had been evidence sufficient to support it, it should have been made clearly to appear, as it does not, that that condition existed at the time when the intestate entered the automobile, or that she had the opportunity of leaving it after his condition was or should have been discovered.

[5] We need hardly stop to cite authority for the proposition that the negligence of the driver will, in general, not be imputed to a guest in a private vehicle, exercising no control over the driver, or to a passenger in a hired vehicle having no authority over the driver. But see *Va. Ry. & Power Co.* v. *Gorsuch*, 120 Va. 655, 91 S. E. 632, Ann. Cas. 1918 B, 838; *Seaboard Air Line R. Co.* v. *Barrow*, 18 Ga. App. 261, 89 S. E. 383; *Rush* v. *Metropolitan Street R. Co.*, 157 Mo. App. 504, 137 S. W. 1029. In order to hold the guest or passenger liable in such case, his conduct must be such as to establish inde-

pendent negligence on his part in continuing to ride with one whom he knew or ought to have known was, for some reason, an unsafe driver. *Lynn* v. *Goodwyn,* 170 Cal. 112, 148 Pac. 927, L. R. A. 1915 E, 588. In the case last cited it is said: "While it is true that in general the negligence of the driver of a vehicle is not imputable to the passenger so as to bar that passenger's right of recovery (*Bresoe* v. *Los Angeles Traction Co.,* 149 Cal. 131, 85 Pac. 152, 5 L. R. A. [N. S.] 1059), yet the conduct of the plaintiff in riding and in continuing to ride in the automobile when he must have known that the driver was intoxicated was independent negligence upon the plaintiff's part, apart from the driver's negligence barring the right of recovery."

In Thompson on Negligence, sec. 502, it is said that the negligence of the driver of a vehicle will not be imputed to the passenger if the passenger has no reason to suspect any want of care, skill, or sobriety on the part of the driver.

[6, 7] The general rule in such cases is well stated in Blakemore on Motor Cars (2nd ed.), p. 1206, as follows: "While the negligence of the driver is not imputable to the passenger yet the conduct of one riding and continuing to ride in an automobile when he must have known that the driver is intoxicated established the independent negligence in the plaintiff." This general rule is conceded by counsel on both sides to be correct, but they have cited and quoted from a number of cases on the subject. It is unnecessary to review these cases as they are simply illustrations of the application of the general principle, which is not disputed. The language used in *Powell* v. *Berry*, 143 Ga. 59, 84 S. E. 121, is peculiarly applicable to the case at bar. It was there said:

"There is nothing in the petition to show that the de-

cedent was aware of the intoxicated condition of the defendant at the time of entering the automobile, nor that he became aware of it in time and under circumstances which would have made it possible for him to leave the car before the catastrophe, or to control or regulate the conduct of the reckless driver and owner of the car. There is nothing in the petition to show that the decedent ever became aware of the defendant's intoxicated condition at the time of the accident."

These were facts which it was necessary for the defendant to prove in order to charge the plaintiff's intestate with the negligence of Tyree, the driver of the automobile, but it offered no evidence on the subject. The record is barren of any evidence as to when, where or under what circumstances the intestate entered the automobile, or whether, at the time of entering, the condition of Tyree was such that she should have observed that he was not in a fit condition to safely operate the automobile, or if he was not in such condition that she became aware of it at a time or under circumstances that would have made it possible for her to leave the automobile before the collision. No odor of whiskey was found about the intestate, and the fact of odor of whiskey on the breath of Tyree and that he was negligent in attempting to make the crossing, is not sufficient to charge the plaintiff's intestate with negligence. The trial court erred in giving instruction 8.

[8, 9] Instruction 7, given at the instance of the defendant, was as follows: "The court instructs the jury that the mere fact that the plaintiff's intestate, Mary Virginia Shiflett, was injured at Lombardy and Broad streets, Richmond, Virginia, in a collision between the defendant's street car and an automobile in which she was riding raises no presumption whatever that the defendant was guilty of negligence, and on the contrary

the presumption is that the defendant and its agents in charge of the street car were not guilty of negligence. And the court instructs the jury that unless the plaintiff does affirmatively prove by a preponderance of the evidence and to the satisfaction of the jury that the motorman of the street car was guilty of the negligence charged in the plaintiff's declaration and that said negligence of the motorman was the proximate cause of or efficiently contributed to cause the injuries complained of, then the jury must find their verdict for the defendant." This instruction is assailed on the ground that it requires of the plaintiff a greater degree of proof than the law requires. The assault is upon the latter part of the instruction and is directed especially against the word "affirmatively" and the phrase "and to the satisfaction of the jury." The use of the word "affirmatively" in instructions of this character has been approved by this court in several cases in which its meaning is pointed out; and, in response to the criticism, it is not deemed necessary to do more than refer to these cases. *Ches. &. O. R. Co.* v. *Sparrow,* 98 Va. 630, 640; 37 S. E. 302; *Bowers* v. *Bristol, etc., Co.,* 100 Va. 533, 42 S. E. 296; *Lynchburg Tel. Co.* v. *Booker,* 103 Va. 594, 50 S. E. 148.

[10] The instruction also required the plaintiff to prove her case "by a preponderance of the evidence *and to the satisfaction of the jury.*" We have italicised the part objected to. This language has been much criticised in the courts of some of the States and counsel for the plaintiff cite many cases, especially from Illinois and Texas, in which it has been condemned as improper. The precise question has not heretofore been presented to this court, in any reported case, though it has been approached very nearly; the difference being the addition of the word "and" in the case at bar. In some of

the cases the phrase "to the satisfaction of the jury" has been substituted for "by a preponderance of the evidence" and in others both expressions have been used without the use of the conjunction "and." In only one of the reported cases has the combination of the two expressions been approved. The primary meaning of "satisfy" is "to cause to have enough" (Standard Dictionary), and it was in this sense that the word "satisfaction" was used in *Perkins* v. *Southern R. Co.*, 117 Va. 351, 353-4, 85 S. E. 401, where, on a demurrer to the evidence, it was said "the burden rested on the defendant to establish the plaintiff's negligence to the satisfaction of the jury." It was not intended to require more than a preponderance of the evidence. Indeed, the preponderance of the evidence is all that is usually required in civil cases, and when both phrases are used it is not intended to increase the burden, but merely to emphasize the extent of it.

In *Va. Ry. & Power Co.* v. *Davidson*, 119 Va. 313, 316, 89 S. E. 229, the language of the instruction was: "The burden is on the plaintiff to affirmatively prove by a preponderance of the evidence and to the satisfaction of the jury that the defendant was guilty of negligence," etc. In *Danville* v. *Lipford*, 120 Va. 280, 282, 91 S. E. 168, 170, the language was: "In order to establish negligence on the part of the defendant the plaintiff must show by a preponderance of the evidence, to the satisfaction of the jury," etc. In *Ches. & O. R. Co.* v. *Arrington*, 126 Va. 194, 214, 101 S. E. 415, 422, the language was: "The burden is upon the plaintiff to prove to the satisfaction of the jury and by the greater weight of evidence," etc.

In all of these cases the instructions had been given on the motion of the plaintiff in error, and therefore could not be objected to by him, and were not made a

subject of cross-assignment by the defendant in error, and were, therefore, not the subject of investigation and consideration by the court. It cannot be said, therefore, that the court really considered the instructions in any of these cases. The question, however, was considered by this court on an application for a writ of error in the case of *Jeffress* v. *Va. Ry. & Power Company* and the question of the propriety of the instruction was elaborately discussed, and many cases from other jurisdictions were cited. In that case instruction M read: "If there is evidence in this case, which, in the opinion of the jury, is sufficient to show to their satisfaction that the appliances," etc. Instruction 13 was that "The plaintiff must prove his case by a preponderance of the evidence to the satisfaction of the jury  *  *  * and there must be a preponderance of the evidence of such facts and circumstances clearly shown as will satisfy reasonable and well balanced minds,  *  *  * and if they are unable from the evidence to conclude with reasonable certainty how or why the fire originated  *  *  * they must find for the defendant." Instruction No. 17 read: "If there is nothing in the evidence showing to the satisfaction of the jury," etc. The application for writ of error was refused, the result of which was, of course, to hold that the instruction quoted did not contain error prejudicial to the petitioner. It will be observed that none of the instructions in the *Jeffress Case* presented the precise question presented in the case at bar. The court was of the opinion that the expressions used in the instructions in the *Jeffress Case* did not require more than a preponderance of the evidence.

In *Armour & Co.* v. *Va. Rwy. & Power Co.*, an application for a writ of error was refused in 1921 where the instruction complained of used the language: "A pre-

ponderance of the evidence and to the satisfaction of the jury." The writ of error was refused not because we approved that method of expression, but because, if error, it was deemed to be harmless. It is an alternative expression to convey the same idea that to justify a recovery the jury must be satisfied that the evidence does preponderate in favor of the party having the burden of proof, and not render a verdict upon a mere guess or random judgment. It is to guard against the latter rather than to increase the burden of proof in cases of this kind that the combined expression has been regarded as harmless. This is always open to explanation by the trial court and counsel in any case where it is apprehended that the jury may attach a different meaning to the combined expression. We might well have omitted any discussion of this objection to instruction 7 because the point was made for the first time in the reply brief for the plaintiff in error (*Va. Ry. & Power Co.* v. *Meyer*, 117 Va. 409, 414, 84 S. E. 742), but as the question is likely to arise on the new trial we have deemed it best to express our views on the subject. It would be better to use only the standard formula of a preponderance of the evidence, but in view of the explanation of the construction that we have put upon the additional phraseology used it is not likely that juries could be misled by them.

[11] The only other instructions given for the defendant to which error is assigned are instructions 9, 10, and 11. Each of these instructions related to the effect of the violation by the driver of the automobile of some city ordinance, and each one of them presumed that the negligence of the driver would be imputed to the plaintiff's intestate and directed a verdict for the defendant if the jury believed that the negligence of the driver was the proximate cause of the injury sued for. Each of

said instructions was in this respect erroneous.   It was proper to instruct the jury that the failure of the driver of the automobile to observe the ordinance constituted negligence on the part of the driver, but it did not follow that the negligence of the driver should be imputed to the plaintiff's intestate, and therefore there should be a verdict for the defendant.   Whether the negligence of the driver was to be imputed to the plaintiff's intestate depended upon other facts and circumstances not set out in the instructions, and, as each of the instructions directed a verdict for the defendant, they were in the respect mentioned, erroneous.

[12]   The trial court committed no error in refusing instructions A, B and C, tendered by the plaintiff and refused, as they were sufficiently covered by other instructions given by the court.

For the error committed in giving instructions Nos. 8, 9, 10 and 11 for the defendant, the judgment of the trial court must be reversed, the verdict of the jury set aside, and the cause remanded for a new trial.

*Reversed.*