CONWAY *v.* GRANT.

One who, in a city, enters the backyard of another through an open gate on lawful business and is bitten by ferocious dogs running loose in the yard, of which he has no notice, has a right of action against the owner if the latter knew that the dogs were accustomed to bite and nevertheless permitted them to run loose in such yard with the gate of the same standing open.

November 10, 1891.

Damages. Torts. Before Judge VAN EPPS. City court of Atlanta. March term, 1891

Reported in the decision.

JOHN A. WIMPY, by brief, for plaintiff.

JOHN T. GLENN, by brief, for defendant.

Bleckley, Chief Justice.

The ferocious character of the dogs and the knowledge of the owner are sufficiently alleged. The only matter of controversy is touching the fault of the plaintiff in exposing himself to attack by entering the premises of the defendant where the dogs were kept. There was an open gate in rear of the premises, and the plaintiff, according to his declaration, was on lawful business. Being in search of employment as a carpenter, and seeing indications that such work was probably carried on in a certain house, he entered the premises for the purpose of making engagement or to work, having no notice or knowledge of the dogs. In this way he became exposed and was bitten. We think a cause of action is substantially set forth. The code, §2964, declares: "A person who owns or keeps a vicious or dangerous animal of any kind, and by the careless management of the same, or by allowing the same to go at liberty, another without fault on his part is injured thereby, such owner or keeper shall be liable in damages for such injury." The fault here referred to is not that of being a trespasser, but that of being in some way instrumental in provoking or bringing on the attack complained of. "It must at the same time be understood that the right of redress of the injured person will be defeated if the injury was caused by his own fault. A person who irritates an animal, and is bitten or kicked in turn, is deemed in law to have consented to the damage sustained, and cannot recover. But if the fault of the injured party had no necessary or natural and usual connection with the injury, operating to produce the injury as cause produces effect, the owner of the animal will be liable. For example: The defendant keeps upon his premises a ferocious dog, and the plaintiff, having no notice that such a dog is there, trespasses in the daytime upon the premises, and the dog rushes upon him and bites him. The

defendant is liable; since it is not the necessary or natural and usual consequence of a person's trespassing upon a man's premises by day that he should be attacked by a savage dog." Bigelow on Torts, pp. 249, 250.

Though the gate was open and the plaintiff was on lawful business, it may be that he had no strict legal right to enter the premises from the rear. But this would be no justification for leaving dangerous dogs loose on the premises to bite him or others that might so intrude. Such dangerous means of defence against mere trespassers, the law will not countenance. As general authorities on the subject, see Brock *v.* Copeland, 1 Esp. 203; Sarch *v.* Blackburn, 4 Car. & P. 297; Curtis *v.* Mills, 5 *Id.* 489; Loomis *v.* Terry, 17 Wend. 496, 31 Am. Dec. 306; Pierret *v.* Moller, 3 E. D. Smith, 574; Kelly *v.* Tilton, 3 Keyes (42 N. Y.), 263; Sherfey *v.* Bartley, 4 Sneed, 58, 67 Am. Dec. 597; Woolf *v.* Chalker, 31 Conn. 121, 81 Am. Dec. 175; Lavarone *v.* Mangianti, 41 Cal. 138, 10 Am. Rep. 269; notes to Knowles *v.* Mulder (Mich.), 16 Am. St. Rep. 627; Cooley on Torts, *345; Bishop, Non-Contr. Law, §1235 *et seq.*; 1 Thomp. Negl. p. 220, §34; Muller *v.* McKesson, 73 N. Y. 195, 29 Am. Rep. 123; Rider *v.* White, 65 N. Y. 54, 22 Am. Rep. 600.

It will be observed that the most that could possibly be said against the plaintiff is that he trespassed by going upon the premises. This is a milder fault than going there to commit a trespass. If his purpose had been to commit a crime, the dogs would have been properly employed in resisting him. But he seems to have had a virtuous and worthy object, although his mode of executing it was doubtless injudicious. It was not lawful to bite him by the instrumentality of dogs or other dangerous animals. The court erred in dismissing the action.        *Judgment reversed.*