## ANDERSON *v.* ANDERSON.

1. The common-law disqualification of a party to testify as a witness on the ground of interest has been expressly preserved by the Civil Code, § 5861, in cases where the action is instituted in consequence of adultery.
2. Where a wife sues her husband for a divorce on the grounds of cruel treatment and habitual intoxication, she is a competent witness in her own behalf. And, where to her suit the husband files a cross-libel on the ground of adultery, the wife is competent to testify concerning the grounds of her libel, but is incompetent to testify to any fact pertaining to the charge of adultery made in the cross-libel.

November 14, 1913.

Divorce. Before Judge Charlton. Chatham superior court. August 14, 1912.

*R. L. Colding,* for plaintiff in error.  *Shelby Myrick,* contra.

EVANS, P. J.  The action was for divorce by Mrs. Lillie O. Anderson against her husband, Walter A. Anderson, on the grounds of cruel treatment and habitual intoxication.  The defendant filed a cross-libel, praying that he be granted a divorce on the ground of the wife's adultery.  The court refused to allow the wife to testify to any fact tending to support her petition, upon the ground that the defendant's cross-libel, being based on a charge of adultery, rendered her an incompetent witness; and for the same reason refused to allow her to testify denying the charges of adultery set out in the cross-libel.  A verdict was rendered for the defendant.

The wife's libel was based on grounds of cruel treatment and habitual intoxication.  The husband denied all allegations of cruel treatment, and by way of cross-libel charged the libelant with having committed the offense of adultery, and prayed a divorce on that ground.  Our code provides that "When a libel for divorce is instituted, the respondent may, in his or her plea or answer, recriminate, and ask a divorce in his or her favor; and if on the' trial the jury believe such party is entitled to divorce instead of the libelant, they may so find upon legal proof, so as to avoid the necessity of cross-action."  Civil Code (1910), § 2952.  To a libel for divorce on the grounds of cruelty and habitual intoxication the defendant may recriminate the adultery of the plaintiff.  *Johns* v. *Johns,* 29 *Ga.* 718.  When the defendant recriminates on the ground of the plaintiff's adultery, does such recrimination absolutely disqualify the plaintiff from testifying?

At common law a party to a suit was incompetent to testify as a witness on the ground of interest.  Our evidence act declares every person offered as a witness shall be competent to testify, except in specified instances, provided that nothing therein contained shall apply to any action, suit, or proceeding in any court in consequence of adultery.  Civil Code (1910), §§ 5858-5861.  If the plaintiff's action had been based on the ground of adultery, she would have been an incompetent witness.  *Cook* v. *Cook,* 46 *Ga.* 308.  The defendant would likewise be disqualified as a witness.  Such a case would come within the statute.  But where a wife sues for divorce on the ground of cruel treatment and habitual intoxication, her action is not a proceeding instituted in consequence of

adultery, and the husband's recrimination does not make it such. It therefore follows that the wife is a competent witness in her own behalf to prove the husband's cruelty and habitual intoxication. But neither spouse is competent as a witness to prove or deny the recrimination of adultery; for that is in the nature of a cross-action instituted in consequence of adultery. This principle was recognized in *Woolfolk* v. *Woolfolk,* 53 *Ga.* 661. In that case a wife sued her husband on the ground of habitual intoxication, cruelty, and adultery. The wife testified to facts tending to support her petition; and this court said that "the evidence of the plaintiff, so far as that evidence went to prove adultery on the part of the defendant, was incompetent and illegal." The implication is that she was a competent witness as to the other grounds of her suit.

We think the court erred in rejecting the plaintiff's testimony tending to support her grounds of cruel treatment and habitual intoxication, but properly excluded so much of her testimony as related to the ground of adultery alleged in the defendant's recrimination. *Judgment reversed. All the Justices concur.*