### 5152. COOPER *v.* LAYSON BROTHERS.

1. Livery-stable keepers who let animals for hire are bound only to exercise ordinary care and diligence in providing an animal suitable for the purpose for which it is hired.

2. In this State a bailor for hire impliedly warrants that the thing bailed

is free from any secret fault rendering it unfit for the purpose for which it is intended.

3. Where a person other than the one to whom an animal is hired is injured by reason of the vicious or dangerous propensities of the animal, the person injured can not recover from the owner, unless he shows that the owner knew of the dangerous or vicious propensities of the animal, or had reasonable grounds for so knowing, and was wanting in ordinary care for the protection of the public against injury from the exercise of such propensities. *Reed* v. *Southern Express Co.,* 95 *Ga.* 108 (22 S. E. 133, 51 Am. St. R. 62) ; *Browder-Manget Co.* v. *Calhoun Brick Co.,* 138 *Ga.* 277 (75 S. E. 243) ; *Logan* v. *Hope,* 139 *Ga.* 589 (77 S. E. 809).

4. Where, however, a dangerous or vicious animal is hired to another, and he sues the owner for injuries received on account of the exercise by the animal of dangerous or vicious propensities, proof of scienter is not essential to the plaintiff's recovery. It is only necessary that it should appear that the plaintiff's injury resulted from the dangerous or vicious character of the animal, and that the owner was lacking in ordinary care and diligence in furnishing an animal unsuited for the purposes for which it was hired. In such a case there is no presumption of negligence, and the plaintiff must affirmatively prove that the defendant was lacking in ordinary care.

DECIDED JANUARY 20, 1914.

Action for damages; from city court of Sparta—Judge Moore. July 17, 1913.

*M. R. Lufburrow, T. M. Hunt,* for plaintiff.

*R. L. Merritt,* for defendants.

POTTLE, J. The plaintiff hired a horse and a buggy from the defendants. The buggy and the harness were free from defects. The driver who went with the plaintiff was careful and experienced. Shortly after the journey began, and without any apparent cause, the horse began to kick and run, and as a result the plaintiff either fell or was thrown out of the buggy and was injured. On proof of this the plaintiff rested his case. The defendant contends that even if the horse was vicious and dangerous, proof of the scienter was necessary to enable the plaintiff to recover. Counsel for the plaintiff insist that the maxim res ipsa loquitur should apply, and that negligence can be inferred from the fact that the horse kicked and ran. Neither of these contentions is absolutely correct. As to persons other than one to whom a dangerous animal is hired, proof of the scienter is essential. Where a bailee for hire of a dangerous animal seeks to recover from the bailor for injuries resulting from the vicious nature of the animal, proof of the scienter is not necessary. The plaintiff makes out his case by showing the injury and that the defendant was lacking in ordinary care, in

furnishing an animal unsuited for the purposes for which it was hired. Negligence is not presumed, and must affirmatively appear from the plaintiff's proof. The mere fact that on a particular occasion a horse being driven to a buggy began to kick and run does not, without more, prove negligence on the part of the owner in furnishing the horse. Even if this would be sufficient to show that the animal was one having dangerous and vicious propensities, the proof should go further and show that the owner knew of the character of the animal, or that by the exercise of ordinary care he could have known thereof. This might be shown by proof that the bailor had owned the animal for some time, and that on other occasions he had exhibited dangerous propensities. From this the jury might infer that the owner, by the exercise of ordinary care, could have known of the character of the animal, but where the animal appears to be gentle and suitable for the purposes for which it is hired, and the only proof to sustain the plaintiff's case is that on the particular occasion upon which the injuries were sustained the animal became frightened and attempted to run away, this alone is not sufficient to show that the defendant was guilty of such negligence as to render him liable to the plaintiff for the injuries which he sustained. The court did not err in awarding a nonsuit.

*Judgment affirmed.*