### 14672.  LANGFORD *v.* ESKEDOR.

The biting of the plaintiff by a mad dog, which, in violation of a municipal ordinance, was allowed to run at large in the streets, gave no cause of action against the owner, under the allegations of the plaintiff's petition, it not appearing therefrom that the owner knew or had notice, either actual or constructive, of the condition of the dog.  The court therefore did not err in dismissing the petition, on general demurrer.
DECIDED OCTOBER 13, 1923.

Action for damages; from city court of Savannah — Judge Freeman.  March 8, 1923.

*R. L. Golding,* for plaintiff.

*H. W. Johnson,* for defendant.

LUKE, J.  This is an action for damages arising out of the biting of the plaintiff by the defendant's mad dog on a public street of the City of Savannah.  The dismissing of the petition on general demurrer, because "there is nowhere in the petition an allegation that defendant had actual knowledge of the alleged condition of the dog," is assigned as error.  The petition alleges that plaintiff was bitten at about 3 :35 p. m. on April 22, 1922; that at or about 3 :35 p. m. of the same day, and at or near the place where plaintiff was bitten, to wit, defendant's residence, the same dog had bitten two other persons; and that " defendant knew, or in the exercise of ordinary care and diligence should have known, that said dog was suffering from rabies, and should have taken steps to have said dog killed before your petitioner received his injuries." The petition further alleges that the defendant violated an ordinance of the City of Savannah, providing that any owner or possessor, or any person harboring or keeping any dog, shall confine the same within the limits of his premises, and shall not permit such dog to run upon the streets, lanes, highways, squares, or parks of said city, unless it be accompanied by a competent and responsible care-taker, a violation of said ordinance being punished by fine or imprisonment, or both.

1. The dog is a domestic animal (*Wilcox* v. *State,* 101 *Ga.* 563, (28 S. E. 981, 39 L. R. A. 709), and since section 4417 of the Civil Code (1910) is but a restatement of the common law, under it, just as at common law, it is necessary not only to show that the animal was vicious or dangerous, but also that the owner knew of this fact. *Harvey* v. *Buchanan,* 121 *Ga.* 384 (49 S. E. 281) ; *Friedman* v. *Goodman,* 124 *Ga.* 532 (52 S. E. 892) ; *Conway* v. *Grant,* 88 *Ga.* 40 (13 S. E. 803, 14 L. R. A. 196, 30 Am. St. R. 145) ; *Reed* v. *So. Express Co.,* 95 *Ga.* 108 (22 S. E. 133) ; *Browder-Manget Co.* v. *Calhoun Brick Co.,* 138 *Ga.* 277 (75 S. E. 243).

2. Where the owner does not know and has no reason to believe that his dog is suffering from rabies, he is not liable for injuries inflicted by such dog. 3 Corpus Juris, 100.

3. The fact that the mad dog was at large in violation of the municipal ordinance imposing a penalty upon its owner does not alter the rule that scienter must be shown. In this connection see *Harvey* v. *Buchanan,* supra.

4. Since the petition under consideration failed to show that the owner of the dog had either actual or constructive notice of its condition, the court correctly sustained the general demurrer. See Emmons *v.* Stevane, 77 N. J. L. 570 (73 Atl. 544, 24 L. R. A. (N. S.) 458).

*Judgment affirmed. Broyles, C. J., and Bloodworth, J., concur.*

---

ERRATA.

29 *Ga. App.* 131, middle of page: for Hutcheson read Ellis.

155 *Ga.* 882, middle of page: for Judge Roop read Judges Hutcheson and Roop.