23879, 23882.   MANNING et al. v. A. A. B. CORPORATION;
and vice versa. .

ARGUED JANUARY 10, 1967—DECIDED FEBRUARY 9, 1967—
REHEARING DENIED FEBRUARY 23, 1967.

*George P. Dillard, Herbert O. Edwards, Robert E. Mozley*,
for appellants.

*Arnall, Golden & Gregory, James L. Adams, E. H. Levitas*,
for appellee.

GRICE, Justice. Rulings in a suit to require the issuance of
a conditional use permit for construction of a shopping center
resulted in this appeal and cross appeal. The suit was filed
in the Superior Court of DeKalb County by A. A. B. Corpora-
tion against Brince Manning, Chairman, and others, as members
of the board of commissioners of roads and revenues of that
county, and also against the county. The petition, in six counts,
sought to compel the Board of Commissioners to issue the per-
mit to the plaintiff as provided in the article of the county
zoning ordinance relating to C-1 zoned area. Upon summary
judgment granting mandamus absolute and directing issuance
of the permit, the defendants appealed to this court in case
number 23879. To rulings adverse to it, the plaintiff brought
a cross appeal in case number 23882.

Count 1 of the petition, in essential part, made the allega-
tions which follow.

The plaintiff holds a 99-year lease of described property
which, pursuant to the comprehensive zoning plan and resolu-
tion adopted by the board of commissioners, was zoned as C-1
(local commercial) and has remained so zoned.

The shopping center which the plaintiff proposes to erect on
this property is to consist initially of a retail supermarket,
with proposed future development for other sales and services
which are permitted in districts zoned C-1.

Article XIII, Section B of the county zoning ordinance pro-
vides that this proposed use requires a conditional use permit,
issuable by the DeKalb County Planning Commission, or by
the governing authority of the county upon appeal from a
denial of such permit by the planning commission.

Plaintiff's agent applied to the planning commission for a conditional use permit for the proposed shopping center, as provided in the zoning ordinance and in accordance with the rules and regulations of the county, but the application was denied.

Thereafter, plaintiff's agent, pursuant to such rules and regulations, duly appealed from the action of the planning commission to the board of commissioners, but said appeal was also denied.

At the hearings before the planning commission and the board of commissioners detailed site plans and other supporting documents and evidence were presented in accordance with the rules and regulations of the planning commission and of the board of commissioners. The persons objecting to issuance of the permit presented no competent evidence that the proposed shopping center failed to meet or comply with any of the standards or requirements of such article of the county zoning ordinance.

Officials of the county charged with the duty of issuing other permits necessary for construction of the shopping center have refused to issue them unless plaintiff first obtains the conditional use permit.

The proposed shopping center fully complies with the requirement of Article XIII of the zoning ordinance insofar as permissible uses of C-1 zoned commercial districts are concerned, and fully complies with all conditions of operation or performance specified in the article and elsewhere, including but not limited to yard requirements, off-street parking, loading requirements, and vehicular access and circulation. No valid zoning or other restrictions would be violated by the erection, operation, or maintenance of the shopping center as proposed.

The plaintiff, having made application in due form and in compliance with all valid provisions, rules and regulations of the county, is entitled to the issuance of the conditional use permit. The defendants are under a legal duty to issue it. In refusing to grant the application, the defendants have acted in an unlawful, arbitrary, capricious, oppressive, and unreasonable manner.

Unless such permit is issued, plaintiff will suffer pecuniary

loss for which it cannot be compensated in damages, and injustice will ensue for which there is no specific legal remedy available except mandamus.

Counts 2 through 6 incorporate the foregoing allegations. They also attack Article XIII, Section B of the zoning ordinance as being contrary to the enabling statute and violative of specified provisions of the State and Federal Constitutions. Under our view of the case it is not necessary to deal with those counts.

To this petition the defendants filed demurrers and an answer. The trial court overruled the general demurrers, not ruling upon the special demurrers.

The defendants made objections to the plaintiff's interrogatories and these objections were sustained.

The plaintiff moved for summary judgment based upon the pleadings and affidavits.

The defendants filed a motion in opposition to such motion for summary judgment, urging that the pleadings showed material issues of fact which should be tried before a jury, and that the defendants could not by affidavits present all essential facts justifying their opposition to such motion. This opposition motion was denied.

The defendants then filed affidavits opposing the motion for summary judgment, and the plaintiff submitted affidavits in support of it. Each side filed a motion to strike the affidavits of the other. Both motions were denied, but a portion of one of the plaintiff's affidavits was ordered stricken.

Thereupon, the trial court entered judgment granting plaintiff's motion for summary judgment and making the mandamus absolute.

Enumerated as error in the appeal, case number 23879, are the following:

(1) Overruling defendants' general demurrers to plaintiff's petition;

(2) Refusing to present to a jury the issues of fact raised by the pleadings;

(3) Denying defendants' motion opposing plaintiff's motion for summary judgment;

(4) Denying defendants' motion to strike plaintiff's affidavits in support of its motion for summary judgment; and

(5) Granting plaintiff's motion for summary judgment and making the mandamus absolute.

Enumerated as error in the cross appeal, case number 23882, are rulings sustaining defendants' objections to plaintiff's interrogatories and denying plaintiff's motion to strike defendants' affidavits in opposition to plaintiff's motion for summary judgment.

■ Under our view of the case, insofar as the general demurrers to the petition are concerned, it is necessary to evaluate only Count 1. The demurrers make two contentions.

(a) One is that the exclusive remedy to review the action by the board of commissioners is certiorari, not mandamus.

This contention is not meritorious.

The writ of certiorari lies ". . . for the correction of errors committed by justices of the peace, corporation courts or councils, or any inferior judicatory, or any person exercising judicial power . . ." *Code* § 19-101. See also, *Code Ann.* § 2-3905; *Code* § 19-203.

Here, the board of commissioners was not acting as a judicial body, and it did not render a judicial or quasi-judicial judgment.

To review the denial of the permit sought, mandamus was the proper remedy, pursuant to *Code* § 64-101. See in this connection, *City Council of Augusta v. Loftis,* 156 Ga. 77, 82-83 (118 SE 666); *Gay v. City of Lyons,* 209 Ga. 599 (74 SE2d 839) (one Justice not participating); *Toomey v. Norwood Realty Co.,* 211 Ga. 814, 816 (89 SE2d 265); *City of Decatur v. Fountain,* 214 Ga. 225 (104 SE2d 117); *Presnell v. McCollum,* 112 Ga. App. 579 (145 SE2d 770).

(b) The other contention is that the petition shows upon its face that the plaintiff does not have a clear legal right to the relief sought, and therefore mandamus does not lie.

This contention is likewise not valid.

The petition alleges that the plaintiff holds an estate for years in the land involved here; that the land is zoned C-1; that the plaintiff applied for a conditional use permit; that the proposed use was one of those enumerated for C-1 zoned areas; that all of the requirements and conditions prescribed in the zoning ordinance for this use in a C-1 zoned area have been

met; and that the persons objecting to issuance of the permit presented no competent evidence that the proposed use did not comply with such requirements and conditions of the zoning ordinance.

In view of those allegations, what was said by this court in *City of Decatur v. Fountain,* 214 Ga. 225 (1), supra, applies here: ". . . the duty of the defendants to issue the permit is clear. It nowhere appears that the defendants are authorized to grant or refuse such permits in their discretion where an applicant has complied with the requirements of law relative thereto, and where a municipality by ordinance prescribes the conditions, regulations and restrictions required to obtain a permit, it thereby fixes its discretion as to the issuance of a permit and all persons meeting the requirements of the ordinance are entitled thereto upon proper application." P. 226. See also, *City of Pearson v. Glidden Co.,* 205 Ga. 738 (55 SE2d 125) ; *Rogers v. Mayor &c. of Atlanta,* 110 Ga. App. 114 (2) (137 SE2d 668) ; 101 CJS 983-990, Zoning, § 224.

Thus, this count of the petition alleges a clear legal right to have performed the particular act which it seeks.

Therefore, there was no error in overruling the general demurrers to Count 1 of the petition. Since this count sets forth a cause of action it is not necessary to rule on the sufficiency of the other counts.

■ We next review the rulings relative to plaintiff's motion for summary judgment, insofar as Count 1 is concerned.

■ For initial consideration is the denial of the defendants' motion to strike two of the plaintiff's affidavits in support of its motion for summary judgment.

The first affidavit is that of the president of the plaintiff corporation. It was objected to upon the grounds that it is vague and indefinite, and contains matters and conclusions not based upon his personal knowledge. We do not deem these objections well founded since the affiant swore that at all times mentioned he was president of the corporation and had personal knowledge of the matters referred to in the affidavit.

The second affidavit is by a sales representative of plaintiff's agent. The objections were that it is vague, indefinite, incom-

plete and not based upon his personal knowledge, and that two documents recited as being attached as exhibits are not in fact attached. In our view these objections do not require the affidavit to be stricken. The affiant stated that at all times mentioned therein he was so employed and had personal knowledge of the matters therein recited. While the site plans were not attached to this affidavit, they were attached to another of the plaintiff's affidavits, and it stated that they were the documents referred to in this affidavit.

Neither of these affidavits was subject to the objection of vagueness and indefiniteness. Both affidavits sufficiently complied with the requirements of *Code Ann.* § 110-1205 as. supporting the motion for summary judgment.

■ Three rulings—refusal to present the case to a jury, denial of the motion opposing summary judgment, and grant of the motion for summary judgment—all involve the same basic question, whether or not there were any genuine issues of fact, requiring submission to a jury. Accordingly, they will be treated together.

Our statute, Georgia Laws 1959, p. 234 (*Code Ann.* § 110-1203) provides that summary judgment shall be rendered ". . . if the pleadings, depositions, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law . . ."

The answer of the defendants, admitting some of the plaintiff's allegations but denying others, did not thereby create issues of fact which should have been submitted to a jury. It has been well put that "If a motion for a summary judgment were to be denied in every instance where an issue appears in the pleadings by an allegation and a denial, there would indeed be little or no use or need for the statute. . . It is obvious that the General Asembly intended for the statute to have a greater and more beneficial scope. We think the legislature had as a primary purpose in enacting the summary judgment procedure to allow a party to pierce the allegations of the pleadings and show the truth to the court and receive judgment when there is no genuine issue of material fact although

an issue may be raised by the pleadings." *Scales v. Peevy*, 103 Ga. App. 42, 47 (118 SE2d 193). See also, *Lampkin v. Edwards*, 222 Ga. 288, 289 (149 SE2d 708).

Here, the plaintiff's affidavits together with the admissions in the answer of the defendants, all of which were uncontroverted as to essential features, established the facts alleged in Count 1 of the petition.

Thus established were the objective standards required by Article XIII of the zoning ordinance for grant of a conditional use permit, and also compliance with them by the plaintiff.

No showing of lack of compliance with any of the objective standards appears in this record. The only evidence offered in opposition to the permit related to collateral matters which were not grounds for denial of the permit.

If there was any valid reason why the permit should not have been issued, the defendants had full opportunity to refute the facts established by the plaintiff. This they did not do. No reason appears why facts justifying opposition to the summary judgment could not have been presented by the defendants' affidavits.

We hold, therefore, that grant of summary judgment in favor of the plaintiff was proper.

*Judgments on appeal affirmed; cross appeal dismissed. All the Justices concur.*