43018.   ATLANTIC COAST LINE RAILROAD
COMPANY et al. v. STREET et al.

Argued September 11, 1967—Decided October 6, 1967.

*H. J. Quincey, Jay, Garden & Jay, Allan C. Garden, Clayton Jay, Jr.,* for appellants.

*George E. Maddox, Preston & Preston, M. L. Preston,* for appellees.

DEEN, Judge. 1. (a) "If the plaintiff by ordinary care could have avoided the consequences to himself caused by the defendant's negligence, he is not entitled to recover. In other cases the defendant is not relieved, although the plaintiff may in some way have contributed to the injury sustained." *Code* § 105-603. The first sentence of this Code section is taken to mean that the doctrine of comparative negligence is not applicable where, after the negligence of the defendant is actually apparent, the consequences of such negligence could have been avoided by ordinary care on the part of the plaintiff. *Central of Ga. R. Co. v. Roberts,* 213 Ga. 135 (97 SE2d 149). Neither can the plaintiff recover in a tort action, regardless of the negligence of the defendant, if she assumed the risk incident thereto. The latter statement is really an extension of the former; it arises where the proximate cause of the injury is a matter of knowledge and

choice rather than mere carelessness and is referable to the conduct of the injured party after knowledge of the risk of injury rather than to the defendant who first created the risk. One assumes the risk of danger when he voluntarily places himself in a situation where it is likely to strike. In the present case the decedent had actual knowledge of the approach of the train. Her view of it was at no time impeded. From the testimony it appears that she made a last minute decision to enter on the track immediately in front of it, apparently misjudging its speed, distance, width or her own ability to get out of its way. The question of misjudging speed and distance as making a comparative negligence case was discussed in *Yandle v. Alexander,* 116 Ga. App. 165 (156 SE2d 504), where it was held applicable in an intersection collision case, the opinion, however, stating by way of obiter that assumption of risk is "the situation in which one voluntarily takes the risk of a danger which is so obvious that he knows or must know of it, as in trying to beat a rapidly approaching train across the track." P. 167. The distinction is thus quantitative rather than qualitative. Among cases holding that in such a situation recovery must be denied see *Western & A. R. v. Bloomingdale,* 74 Ga. 604; *Thomas v. Central of Ga. R. Co.,* 121 Ga. 38 (48 SE 683); *Southern R. Co. v. Hogan,* 131 Ga. 157 (62 SE 64); *Shroeder v. Ga. R. & Elec. Co.,* 142 Ga. 173 (82 SE 553); *Rome R. & Light Co. v. Barna,* 16 Ga. App. 1 (2) (84 SE 209); *Kirk v. Savannah Elec. &c. Co.,* 50 Ga. App. 468 (1) (178 SE 470); *Laseter v. Clark,* 54 Ga. App. 669 (1) (189 SE 265); *Central of Ga. R. Co. v. Roberts,* 213 Ga. 135, supra.

(b) Did the emergency created in the decedent's mind by the fact that her dog was endangered by the approaching train relieve her of the duty to exercise ordinary care for her own safety? It was held in *Louisville &c. R. Co. v. Cline,* 136 Ga. 863, 867 (72 SE 405): "For a person engaged in his ordinary affairs, or in the mere protection of property, knowingly and voluntarily to place himself in a position where he is liable to receive a serious injury, is negligence, which will preclude a recovery for an injury so received." Generally a person is not excused from the consequences of his own acts in exposing himself to the danger of injury for the mere purpose of saving personal property, where the dan-

ger is so apparent that a reasonable person should have seen and recognized it. Bullock v. Benjamin Moore & Co., (Mo. App.) 392 SW2d 10, 14. So far as the rescue of property is concerned, the emergency created by the negligence of the defendant may well be sufficient to reduce the quantum of care which an ordinary person would exercise under the circumstances, but where the peril is so obvious that even under the circumstances it must be apprehended and the risk is then knowlingly and voluntarily assumed, the assumption of risk doctrine rather than that of comparative negligence must control.

The trial court erred in denying the motion for judgment notwithstanding the verdict.

*Judgment reversed. Jordan, P. J., and Quillian, J., concur.*