### 43720. DAVIS v. FERRELL.

WHITMAN, Judge. This is a suit for damages for personal injuries arising out of a collision between an automobile, a tree and a utility pole. Plaintiff below, Ferrell, was a guest passenger in the car. The defendant, Davis, owned the car and was driving at the time of the collision. Plaintiff's complaint alleges that defendant was "grossly negligent in the *operation*" of the car.

The defendant moved for a summary judgment and presented the plaintiff's deposition taken for the purpose of cross examination in support of his motion. The plaintiff presented his own affidavit in opposition to the motion. The motion was denied and certified for direct appeal by the trial court in accordance with *Code Ann.* § 81A-156 (h) (Ga. L. 1966, pp. 609, 660; Ga. L. 1967, pp. 226, 238). The denial of the motion is enumerated as error. *Held:*

1. "One who voluntarily rides in a motor vehicle operated by another who is obviously and palpably under the influence of intoxicating liquors, assumes the risk of whatever may happen as a result of the driver's condition." *Freeman v. Martin,* 116 Ga. App. 237 (2) (156 SE2d 511).

Accordingly, where, as here, the plaintiff's deposition taken for the purpose of cross examination shows that the plaintiff and defendant had been together throughout the evening and that both had been drinking "a good bit"; that both had been drinking "beer and mixed drinks"; that "we both were tight"; and that when asked, "Well, when you say that you and Larry were tight, do you mean that you were under the influence of liquor?" the plaintiff answered that they both were, it must be said that when the plaintiff immediately thereafter chose to ride in the defendant's car, he assumed the risk of whatever might happen as a result of any negligent operation of the car by the defendant, due to his intoxication.

2. *Powell v. Berry,* 145 Ga. 696 (89 SE 753, LRA 1917A 306), relied on heavily by plaintiff, involved similar circumstances except that Berry, the guest passenger, was killed in the collision. The action was for Berry's wrongful death and was brought by his mother. The court stated in the opinion that knowledge by a guest of his host-driver's intoxicated condition and of his inability to operate the vehicle with proper diligence and skill is one fact which may be proved for the

consideration of the jury, along with other facts, to throw light on the question of whether the guest exercised ordinary care for his own safety in entering the car.

Plaintiff herein takes the position that, here too, his knowledge that his host-driver was intoxicated should not prevent a recovery for the injuries he received from the negligent operation of the vehicle, but that it is merely a circumstance reflecting on whether he exercised ordinary care for his own safety and is a matter for jury determination.

In the *Berry* case the decedent guest was killed in the accident. There was nothing in the plaintiff's petition to show that the decedent himself was aware of the defendant's intoxicated condition. See *Powell v. Berry*, 143 Ga. 59 (84 SE 121). All of the evidence relating to what was within the decedent's *knowledge* with regard to the defendant's intoxicated condition was of necessity to be deduced from sources other than the decedent. Therefore, it was proper in those circumstances that the question of what the decedent might have known when he entered the car and whether he exercised ordinary care be left to a jury.

The present case is on motion for summary judgment. The evidence before the trial court in the form of the plaintiff's own testimony was that plaintiff knew the defendant was intoxicated. There is no issue then as to that fact. The question for decision is the effect of that fact and under the holding of *Freeman v. Martin*, 116 Ga. App. 237, supra, the effect is that plaintiff assumed the risk of whatever might happen as a result of voluntarily riding in a vehicle operated by one who was known to be intoxicated.

3. Plaintiff's affidavit in opposition to the defendant's motion for summary judgment reads as follows: "Deponent states that it was his opinion that the defendant was capable of operating his automobile with proper diligence and skill; that deponent did think and believe that the defendant was not so much under the influence of intoxicants as not to be able to drive his automobile safely. Deponent states that he believed the defendant could and would operate his automobile in a safe, prudent and proper manner or deponent would not have gotten in defendant's automobile and ridden with him. The defendant was not intoxicated to a degree that rendered him incapable of controlling the automobile in a proper manner."

Plaintiff contends that this evidence brings him within the case

of *Sparks v. Porcher,* 109 Ga. App. 334 (136 SE2d 153) which, in an opinion by four judges with four judges dissenting and one concurring specially, upheld the trial court's action in overruling a motion for judgment notwithstanding the verdict, and in denying a motion for new trial on the general grounds only, and thereby affirmed a recovery by a plaintiff who admitted that he knew when he got in the car as a passenger that the defendant driver was under the influence of intoxicating beverages, but denied that the defendant was drunk to the extent that it would affect his driving ability. As noted in the *Freeman* case, supra, the *Sparks* case is the law of that case only. Furthermore, the test that it espouses is of dubious practical value as one's judgment as to the extent of another's intoxication and ability to drive can be verified only by whether or not a collision thereafter occurs. It may be true that the plaintiff herein did not know, as he states in his affidavit, that the defendant was intoxicated *to a degree* which rendered him incapable of controlling the automobile in a proper manner. But in our view that is immaterial for that is precisely the risk which was assumed when a decision was made to ride with the defendant *knowing* that he was under the influence of intoxicants. The plaintiff's testimony by deposition conflicts with his affidavit and must be construed most strongly against him. *Douglas v. Sumner,* 213 Ga. 82, 85 (3) (97 SE2d 122) ; *Dykes v. Hammock,* 116 Ga. App. 389 (157 SE2d 524). Accordingly, from the evidence before the trial court, it must be said the plaintiff chose to ride with defendant *knowing* that defendant was under the influence of intoxicants and thereby assumed the risk of injury therefrom, or, in any event, failed to exercise ordinary care for his own safety.

*Judgment reversed. Felton, C. J., and Eberhardt, J., concur.*

SUBMITTED JUNE 3, 1968—DECIDED NOVEMBER 21, 1968.

*Conyers, Fendig, Dickey & Harris, J. Thomas Whelchel,* for appellant.

*Lissner & Killian, Jack J. Lissner, Jr.,* for appellee.