44075, 44076. CHANDLER v. GATELY (two cases).

SUBMITTED NOVEMBER 7, 1968—DECIDED APRIL 4, 1969.

*Jay M. Sawilowsky, Fulcher, Fulcher, Hagler, Harper & Reed, E. D. Fulcher,* for appellant.

*Henry R. Smith,* for appellees.

EBERHARDT, Judge. ■ ■ The statute requires that "Supporting and opposing affidavits shall be made on personal knowledge, shall set forth such facts as would be admissible in the evidence, and shall show affirmatively that the affiant is competent to testify to the matters stated therein." *Code Ann.* § 81A-156 (c). Mrs. Gately's affidavits fail to assert or affirmatively show that the statements which she made in them that the defendant knew that the horse was of a nervous disposition and temperament, and had on one occasion kicked an employee of the stable were made from her personal knowledge, nor do the facts recited in the affidavit show that these were made on her personal knowledge.[1] Consequently, as was asserted in

---

[1]The defendant Chandler's affidavit, while not asserting in the jurat that it was made on his personal knowledge, asserts in the first three paragraphs facts which are obviously within his knowledge, "I have never had any trouble with [the horse] during the six months I owned him prior to March 26, 1966,"

*Hancock v. Hancock,* 223 Ga. 481, 487 (156 SE2d 354): "Nowhere in the affidavit is it recited or shown affirmatively that this statement was made on personal knowledge and that the affiant is competent to testify as to the matters stated in it, as required by *Code Ann.* [§ 81A-156 (e)]. From all that appears this statement is a mere conclusion, not as to a fact to which plaintiff could testify."

"An affidavit considered on motion for summary judgment must show that the affiant has personal knowledge of facts stated in [the] affidavit, and must contain evidentiary matter which, if affiant were in court and testified on the witness stand, would be admissible as part of his testimony." *Planters Rural Telephone Co-op. v. Chance,* 108 Ga. App. 146 (132 SE2d 90). "An affidavit which shows on its face that it is not made on the personal knowledge of the affiant is insufficient to show to the court that there is a genuine dispute for the jury to decide." *Cochran v. Southern Business University,* 110 Ga. App. 666 (2) (139 SE2d 400). And see *Bussie v. Wilson,* 114 Ga. App. 298 (151 SE2d 186).

 "In considering depositions and affidavits in support of or in opposition to motions for summary judgments the facts contained therein, and not the conclusions stated, determine whether a genuine issue of fact exists." *Varnadoe v. State Farm Mut. Auto. Ins. Co.,* 112 Ga. App. 366 (1) (145 SE2d 104). Mrs. Gately's statements are no more than conclusions, and would not be admissible in evidence. They are without probative value. "A witness can not state his mere conclusion that others than himself knew a fact." *Bush & Hattaway v. McCarty Co.,* 127 Ga. 308 (6) (56 SE 452, 9 AC 240). Where a witness testified "I am quite sure that she [petitioner] knew the details of that affidavit. She intimated to me she knew the contents of the paper and knew what she was signing," it was

---

that "insofar as deponent knows this horse has never kicked or bitten anyone prior to March 26, 1966," and "no one had ever told me that [he] had ever bitten or kicked anyone, and the only information I had was that he was a mild gentle, good-natured horse." In other paragraphs of his affidavit he expressly makes the assertions "to deponent's own knowledge."

held to be objectionable as a mere conclusion or opinion of the witness. *Brewer v. New England Mortgage Security Co.*, 144 Ga. 548 (4) (87 SE 657). Accord: *Aldridge v. Dixie Fire &c. Ins. Co.*, 223 Ga. 130, 132 (153 SE2d 723).

In a summary judgment proceeding we held that "The statement by the plaintiffs in their affidavits that the owner knew that the driver was incompetent and reckless and knew of his prior arrest record, without any showing of evidence to disclose actual knowledge, is merely a conclusion, and as such is of no probative value in overcoming the owner's sworn statement concerning the extent of his actual knowledge." *Saunders v. Vikers*, 116 Ga. App. 733, 736 (158 SE2d 324). And see *Mims v. Brook & Co.*, 3 Ga. App. 247, 250 (59 SE 711). "[I]t is not competent for a witness to state merely that another person knew a thing. In the future of advancing psychology it may become possible for one person to look into the mind of another and testify what the latter knows. But at present the law treats such statements as conclusions, not facts." *Slaughter v. Heath,* 127 Ga. 747, 759 (57 SE 69, 27 LRA (NS) 1).

"Affidavits containing mere legal conclusions and allegations which would not be admitted into evidence present no issues of fact on a motion for summary judgment." *Benefield v. Malone,* 112 Ga. App. 408 (2) (145 SE2d 732). And see *Cooper v. Brock,* 117 Ga. App. 501 (3) (161 SE2d 75).

There is thus a failure of Mrs. Gately to show scienter on the part of Mr. Chandler, the defendant, and "scienter was the gist of the action. *Conway v. Grant,* 88 Ga. 40; *Reed v. Southern Express Co.,* 95 Ga. 108 [22 SE 133, 51 ASR 62]." *Harvey v. Buchanan,* 121 Ga. 384, 385 (49 SE 281). When this statement (or these statements) in her affidavits as to the defendant's scienter is discarded from consideration there is left no proof of it. It is to be recalled that in her deposition she testified that she did not know whether the defendant had any knowledge thereof, and in his affidavit Mr. Chandler positively denied that he did.

■ Scienter is a necessary and a material fact which must be shown before there can be any finding of liability against the defendant. *Code* § 105-110. "[U]nder this section it is still

necessary, as at common law, to show not only that the animal was vicious or dangerous, but also that the owner or keeper knew of this fact." *Friedman v. Goodman,* 124 Ga. 532, 535 (52 SE 892). It must appear that the animal had a propensity to do the act which caused the injury and that the defendant knew of it. *Reed v. Southern Express Co.,* 95 Ga. 108, 110, supra; *Browder-Manget Co. v. Calhoun Brick Co.,* 138 Ga. 277 (75 SE 243); *Cooper v. Layson Bros.,* 14 Ga. App. 134 (80 SE 666); *Wright v. Turner,* 35 Ga. App. 241 (132 SE 650). The fact that the horse may, by putting his head down, have thrown defendant's inexperienced granddaughter when she rode him on an occasion does not show a propensity to kick.

Not only did Mrs. Gately's affidavits fail to show knowledge on the part of the defendant, but his affidavit showed that he had no such knowledge, paralleling the situation in *Crutcher v. Crawford Land Co.,* 220 Ga. 298, 302 (138 SE2d 580). The pleadings were pierced by defendant's affidavit, and it became the plaintiffs' duty to produce at the hearing evidence of the kind that shows the existence of a genuine issue of material fact, and failing to do so, defendant's motion for summary judgment should have been granted.

■ There is another ground on which a reversal may rest.[2] There are other rules of evidence which lead to the same conclusion—even if Mrs. Gately's affidavits be not regarded as fatally defective in the respects indicated. Her testimony delivered when the deposition was taken and that in the affidavit are in hopeless conflict, and as to her case, this requires that we construe her deposition and her affidavit against her to resolve the conflict.

At common law those having an interest in the subject matter of litigation, civil or criminal, were incompetent to

[2]"[W]here there are two grounds, upon either of which the judgment of the . . . court can be rested, . . . the ruling on neither is obiter, but each is the judgment of the court and of equal validity with the other." *Dooly v. Gates,* 194 Ga. 787, 793 (22 SE2d 730). Accord: *Rivers v. Brown,* 200 Ga. 49, 52 (36 SE2d 429).

testify as witnesses. *Anderson v. Anderson,* 140 Ga. 802, 803 (79 SE 1124); *Roberts v. State,* 189 Ga. 36, 40 (5 SE2d 340). "All witnesses, of whatever religion or country, that have the use of their reason, are to be received and examined, except such as are infamous, or such as are interested in the event of the cause." 2 Cooley, Blackstone's Commentaries, p. 1130. "[F]irst, in regard to parties, the general rule of the common law is, that a party to the record, in a civil suit, cannot be a witness either for himself, or for a co-suitor in the cause. The rule of the Roman law was the same. 'Omnibus in re propria dicendi testimonii facultatem jura submoverunt.' This rule of the common law is founded, not solely in the consideration of interest, but partly also in the general expediency of avoiding the multiplication of temptations to perjury." I Greenleaf, Evidence (15th Ed.) p. 449, § 329.

The common-law rule obtained in this State until the Evidence Act of 1866, from which derives our present *Code* § 38-1603 which, with a few exceptions, makes parties to civil litigation competent as witnesses. When this became the law our Supreme Court, recognizing that the "temptations to perjury" by those who are parties had not been removed and that their testimony was still suspect, fashioned the rule that when a party, relying upon his own testimony to establish his claim or defense, testifies contradictorily or equivocally, or if he gives more than one version of the matter, the court should adopt as his testimony that version most unfavorable to him. "[A] party testifying in his own favor has no right to be intentionally or deliberately self-contradictory; and if he is so, the courts are fully justified in taking against him that version of his testimony which is most unfavorable to him. Being peculiarly in a position to state fairly and definitely the facts which he professes to know, he is under a duty of so stating them as to give a candid and intelligible account of what occurred. The courts are also authorized to give great weight to statements unwillingly made upon cross-examination, and when these statements have every appearance of being the real truth, though reluctantly told." *Western & A. R. Co. v. Evans,* 96 Ga. 481, 486 (23 SE 494).

This is a substantial, fundamental rule of evidence which has

been followed consistently by all courts of this State. It has been utilized by the Supreme Court and by this court in making a determination of whether the verdict was supported by the evidence (*Southern R. Co. v. Hobbs,* 121 Ga. 428 (49 SE 294)), in the grant of a nonsuit (*Freyermuth v. South Bound R. Co.,* 107 Ga. 31 (32 SE 668); *Ray v. Green,* 113 Ga. 920 (39 SE 470)), in the direction of a verdict (*Farmers Peanut Co. v. Zimmerman-Anderson-Carr Co.,* 62 Ga. App. 265 (183 SE 115)), and in the sustaining and denial of motions for summary judgment (*Lampkin v. Edwards,* 222 Ga. 288 (3, 5) (149 SE2d 708); *Ryder v. Schreeder,* 224 Ga. 382, 386 (162 SE2d 375); *Dykes v. Hammock,* 116 Ga. App. 389 (157 SE2d 524); *Dykes v. Hammock,* 116 Ga. App. 390 (157 SE2d 525); *McKnight v. Guffin,* 118 Ga. App. 168 (162 SE2d 743); *Davis v. Ferrell,* 118 Ga. App. 690 (165 SE2d 313)). (Anything to the contrary appearing in *Boatright v. Padgett Motor Sales,* 117 Ga. App. 578 (161 SE2d 402) must yield to the holding in *Lampkin* and the older cases of *Dykes*). A party "is not entitled to a finding if that version of his testimony the most unfavorable to him shows that the verdict should be against him." *Davis v. Akridge,* 199 Ga. 867 (2) (36 SE2d 102).

Both courts have followed the reasoning of the rule in dealing with summary judgment matters. There is no conflict with the rule and what we held in *Capital Automobile Co. v. General Motors Acceptance Corp.,* 119 Ga. App. 186 (166 SE2d 584) where we construed the statement in plaintiff's affidavit that he "purchased said automobile from Capital Automobile Company through its salesman, James W. Bailey" to mean that he thought that he was dealing with the company through its agent, and it in no wise conflicts with the ruling made in *Colonial Stores v. Turner,* 117 Ga. App. 331 (160 SE2d 672) or with the rule therein quoted from Professor Moore's work on Federal Practice. Neither of these can be said to have the effect of suspending the application and operation of well-settled rules of evidence.

Under CPA § 50 (*Code Ann.* § 81A-150) a motion for directed verdict may be made at the close of the evidence of the opposing party, or at the close of the case. When made at the close of the plaintiff's evidence it supplants the motion for nonsuit

under *Code* § 110-310. "The trial court's function in ruling on a motion for summary judgment is analogous to the function he performs when ruling on a motion for directed verdict. The essence of both motions is that there is no genuine issue of material fact to be resolved by the trier of the facts, and that the movant is entitled to judgment on the law applicable to the established facts." *McCarty v. National Life &c. Ins. Co.*, 107 Ga. App. 178 (1) (129 SE2d 408). 6 Moore's Fed. Prac. 2042, § 56.02 [10].

While there is the general rule that on motion for summary judgment the movant has the burden of demonstrating the lack of a genuine issue of material fact, and that the evidence is to be construed in favor of the party opposing the motion, that rule does not prohibit the application of or suspend the well-settled, fundamental rules of evidence which the court must apply at all times and in all proceedings. Indeed, the Act, *Code Ann.* § 81A-156 (2), requires application of the evidence rules to affidavits in support of or in opposition to the motion, and it must follow that if these are applied to affidavits they must be applied to depositions and interrogatories which may likewise be submitted.

Application of the rules of evidence in connection with a motion for summary judgment is somewhat analogous to the application of the rules of construction of contracts when an ambiguity appears. Construction of the contract is for the court unless, after application of all applicable rules of construction the ambiguity remains. *Davis v. United Amer. Life Ins. Co.*, 215 Ga. 521 (2) (111 SE2d 488).

In considering the evidence submitted in connection with and in opposition to a motion for summary judgment the court should apply applicable rules of evidence and, after having done so, construe the evidence *as it then stands* in favor of the party opposing the motion. For example, all hearsay, unsupported conclusions, contemporaneous oral agreements contrary to an unambiguous written contract, and the like, as well as favorable portions of *a party's self-conflicting evidence,* must be stricken or eliminated from consideration.

After the rules are properly applied here there is a complete

absence of any proof either of a propensity of the horse to kick or of scienter on the part of the defendant owner as to any such propensity, and to authorize any recovery both must appear. *Code* § 105-110; *Reed v. Southern Exp. Co.*, 95 Ga. 108 (22 SE 213) ; *Browder-Manget Co. v. Calhoun Brick Co.*, 138 Ga. 277 (75 SE 243) ; *Langford v. Eskedor*, 30 Ga. App. 799 (119 SE 431) ; *Wright v. Turner*, 35 Ga. App. 241 (132 SE 650). This rule applies where a servant of the owner of the animal is injured as well as where others are injured by it. *Hays v. Anchors*, 71 Ga. App. 280 (2) (30 SE2d 646).

If this is not to be done, the practical effect is to eliminate the summary judgment statute except in those types of cases in which, except for failure of the pleading to reveal the absence of a right to recover, the matter could have been disposed of on motion to dismiss, as, for example, where the statute of limitation has barred the action, or in which a recovery is sought against a municipal corporation for an injury alleged to have been inflicted by its servant while engaged in the performance of a governmental function. If the rule is not to be applied any opposing party may, by the simple device of filing conflicting affidavits, get the motion denied. The temptations to perjury are greater in this situation than in a jury trial. It is a paradigm of the necessity and importance of the rule. The conflict can easily be avoided. A party knows what he has sworn. If he has discovered error, it can be explained in his affidavit. The rule is just and fair.

The situation is analogous to that described in *Manning v. A. A. B. Corp.*, 223 Ga. 111, 117 (153 SE2d 561) where it was held: "The answer of the defendants, admitting some of the plaintiff's allegations but denying others, did not thereby create issues of fact which should have been submitted to a jury. It has been well put that 'If a motion for a summary judgment were to be denied in every instance where an issue appears in the pleadings by an allegation and a denial, there would indeed be little or no use or need for the statute. . . It is obvious that the General Assembly intended for the statute to have a greater and more beneficial scope. We think the legislature had as a primary purpose in enacting the summary judgment pro-

cedure to allow a party to pierce the allegations of the pleadings and show the truth to the court and receive judgment when there is no genuine issue of material fact although an issue may be raised by the pleadings.' *Scales v. Peevy,* 103 Ga. App. 42 47 (118 SE2d.193). See also *Lampkin v. Edwards,* 222 Ga. 288, 289 (149 SE2d 708)."

Another rule of evidence would further demonstrate that the motion for summary judgment should have been granted. "[I]f a plaintiff testifies to facts in one instance and also testifies that he does not know them to be true, this neutralizes his testimony and proves nothing. *Hamby v. Hamby,* 99 Ga. App. 808, 820 (110 SE2d 133); *Robertson v. Carroll Furn. Co.,* 54 Ga. App. 841 (189 SE 273); *Wallace v. State,* 55 Ga. App. 872, 875 (192 SE 81)." *Dykes v. Hammock,* 116 Ga. App. 389, supra.

It is true that in her affiadvit Mrs. Gately testified that the horse had on an occasion at the Thomas stables kicked one of the employees and that the defendant knew of it. However, in her deposition she stated that while she had heard that the horse had kicked somebody on one occasion she did not know whether Mr. Chandler knew of it or not. There was no proof of scienter, even if it be said that there was some proof that the horse had previously kicked somebody, and proof of scienter was essential.

If the case were tried on the evidence submitted, a verdict for the defendant would be demanded and it would be error to deny a motion therefor. If a verdict for the plaintiff were returned by a jury it would be wholly unsupported. There is no genuine issue of material fact. It is the very purpose of the summary judgment law to avoid a waste of time and expense on the trial of a case of this kind. *Crutcher v. Crawford Land Co.,* 220 Ga. 298, 304, supra; *Manning v. A. A. B. Corp.,* 223 Ga. 111, 117, supra.

■ Appellant strongly urges that under the testimony of Mrs. Gately, an experienced and expert horsewoman, as reflected in her deposition, she has knowledge of the horse and its disposition equal, if not superior, to that of the defendant, who owned it, and that having this knowledge she assumed the risk of any injury which she might suffer from her riding and handling of

the horse, citing the cases of *Cooper v. Portner Brewing Co.,* 112 Ga. 894, 897 (38 SE 91); *Graham v. Walsh,* 14 Ga. App. 287 (2) (80 SE 693); *LaHoste v. Yaarab Mounted Patrol,* 89 Ga. App. 397 (79 SE2d 570); *King v. Mention,* 116 Ga. App. 209 (156 SE2d 488); *Atlantic C. L. R. Co. v. Street,* 116 Ga. App. 465 (157 SE2d 793); *Wade v. Roberts,* 118 Ga. App. 284 (163 SE2d 343); *Davis v. Ferrell,* 118 Ga. App. 690, 692 (165 SE2d 313); and see *Freeman v. Martin,* 116 Ga. App. 237, 243 (156 SE2d 511), and citations.

We deem the disposition made of the matter in the above divisions to be sufficient to make it unnecessary to rule on this contention.

■ Since Mrs. Gately is not a party to her husband's suit for the recovery of medical expenses and for loss of consortium, the rule as to the construction of the conflicting testimony of a party does not apply. However, his right to recover is derivative and dependent upon his ability to show a right existing in her to recover. *Hightower v. Landrum,* 109 Ga. App. 510, 514 (136 SE2d 425).

Under our ruling as to the insufficiency of her affidavit to meet the statutory requirements, and that her statements for showing scienter on the part of Mr. Chandler are no more than conclusions, without probative value, together with Mr. Chandler's positive denial of knowledge as to any vicious or dangerous character on the part of the horse, it must follow that a finding was demanded in his favor in the husband's case as well as in that of the wife.

It was error to deny the defendant's motions for summary judgment.

*Judgments reversed. Bell, P. J., Quillian and Whitman, JJ., concur. Felton, C. J., concurs as to Divisions 1, 2, 4 and 5. Hall, J., concurs as to Division 1 (a). Deen, J., concurs as to Divisions 2, 3, 4 and 5. Felton, C. J., dissents as to Division 3. Hall, J., dissents as to Divisions 1 (b), 2 and 3. Deen, J., dissents as to Division 1. Jordan, P. J., and Pannell, J., dissent.*

FELTON, Chief Judge, concurring in part and dissenting in part. I concur in the judgments and in all divisions of the opinion except Division 3. I am of the opinion that Division 3 is

obiter dicta since it is ruled elsewhere that there is no conflict between the plaintiff's deposition and affidavit *exclusive of the basis ruled upon in Division 3* which assumes that the affidavit of the plaintiff is sufficient to raise the conflict in plaintiff's evidence, contrary to what is elsewhere in the opinion held to be contrary to the fact.

JORDAN, Presiding Judge, dissenting. ■ Division 1 (a) criticizes the *form* of the plaintiff's affidavit in that it does not contain a jurat or "affirmatively" show that it was made on the personal knowledge of the affiant. It was made clear in *Holland v. Sanfax Corp.*, 106 Ga. App. 1 (126 SE2d 442), that courts will look to the affidavit and its contents as a whole in determining whether or not it meets the requirement as to personal knowledge of the affiant. In my opinion Mrs. Gately's affidavit, even absent a jurat, meets this basic test in that it is clear that at least certain material portions of her affidavit affirmatively show such to be positive statements of fact based on her personal knowledge. An examination of the record shows that the defendant's affidavit is in exactly the same *form* as that of the plaintiff and should not be given weight where plaintiff's affidavit is discarded on a technical objection.

■ Even omitting that portion of the plaintiff's affidavit referred to in Division 1 (b) of the opinion scienter is alleged elsewhere in Mrs. Gately's affidavit when she affirmatively states that the defendant was present at the Thomas stable where the horse suddenly threw his granddaughter to the ground, after which he approached the plaintiff and asked her to ride and try to gentle the horse. This is in direct conflict with the defendant's affidavit that "Mr. Bee was a gentle, good-natured, well mannered horse." In my opinion, such conflict between plaintiff's and defendant's affidavits is sufficient to create a genuine issue both as to the animal's dangerous propensity and as to the defendant's knowledge of such. Scienter can be shown by circumstantial as well as direct evidence and is generally a question for the jury except in plain and palpable cases.

■ I dissent to the ruling made in Division 3 of the opinion as the holding there conflicts with the long line of cases both

in this court and in the Supreme Court to the effect that the evidence must be construed most favorably to the party opposing the motion.

I would affirm the denial of the defendant's motion for summary judgment in both cases.

I am authorized to state that Judge Pannell concurs in this dissent.

HALL, Judge, concurring specially. I concur with Division 1 (a) of the majority opinion to the extent that the contents of Mrs. Gately's affidavits do not affirmatively show that the material parts thereof were made on her personal knowledge.

Since it has been held that the affidavits fail to meet this fundamental test and are not entitled to consideration, I see no reason for this court to engage in any dictum as to whether the contents of these affidavits would or would not be sufficient to rebut the evidence presented by the defendant in support of his motion for summary judgment had they been made on personal knowledge.

"A statement in the jurat to the effect that the affidavit is made upon personal knowledge is generally sufficient" to comply with the Act, but the requirement of personal knowledge may be met by other material in evidence, at least when no objection to the form of the affidavit was made in the trial court. *Holland v. Sanfax Corp.,* 106 Ga. App. 1, 5, supra; Lawson v. American Motorists Ins. Corp., 217 F2d 724, 726 (5th Cir. 1954); Chambers v. United States, 357 F2d 224, 228 (8th Cir. 1966).