44376.   TRUSSELL et al. v. LAWRENCE.

ARGUED APRIL 7, 1969—DECIDED JUNE 13, 1969—
REHEARING DENIED JULY 3, 1969—

*Henning, Chambers, Mabry & Crichton, Eugene P. Chambers, Jr.,* for appellant.

*Raymond A. Cunningham,* for appellee.

QUILLIAN, Judge. ■ The defendants contend the motions for summary judgment should have been sustained because the plaintiff had assumed the risk of riding in the automobile which was operated by one who was obviously and palpably under the influence of intoxicating liquors. They cite as authority for that position *Davis v. Farrell,* 118 Ga. App. 690 (165 SE2d 313).

In *Stukes v. Trowell,* 119 Ga. App. 651 (168 SE2d 616), it was held: "Questions necessitating a decision as to whether a given state of facts shows that lack of ordinary care for one's own safety which will bar recovery (within which category are placed those situations amounting to the assumption of the risk involved) or only that comparative negligence which will reduce it are generally for the jury. 'In this State the doctrine of comparative negligence prevails and it is not all negligence which contributes to an injury that will necessarily prevent a recovery. . . If a driver, from intoxication, is in a condition which renders him incapable of operating [the vehicle] with proper diligence and skill, and this is known or palpably apparent to one entering the car, this is a fact that may be proved for the consideration of the jury.' *Powell v. Berry,* 145 Ga. 696, 700 (89 SE 753). Following *Powell,* this court held in *Sparks v. Porcher,* 109 Ga. App. 334, 340 (136 SE2d 153) : 'It follows, therefore, that mere knowledge on the part of a passenger that the driver is under the influence of intoxicating beverages is not, as a matter of law knowledge that such person is so much under the influence of intoxicants as not to be able to drive safely or with ordinary efficiency so as to make the passenger guilty of such lack of ordinary care for his own safety, or assumption of risk, as will bar a recovery against the driver for injuries occasioned by the driver's gross negligence."

The *Stukes* case points out that if there is anything in *Davis v. Ferrell,* 118 Ga. App. 690, supra, and *Freeman v. Martin,* 116 Ga. App. 237 (156 SE2d 511), contrary to what is held in *Powell v. Berry,* supra, it must yield to the Supreme Court decision.

In the case sub judice there was evidence that: the collision occurred approximately two hours after the driver, Trussell, had anything intoxicating to drink; during that period he had freshened up and had coffee and Alka-Seltzer; the plaintiff testified: "After he had coffee and after he had freshened up a bit, he seemed to be all right. He seemed 100 percent better than when he first started out from the house when we left."

Under the circumstances of this case it would be a question for the jury to determine whether the plaintiff knew or should have known that the defendant driver was under the influence of intoxicating beverages to the extent that he was not able to drive the automobile with ordinary efficiency so as to make the plaintiff guilty of assuming the risk. As was stated in the *Stukes* case, to hold the contrary, except in extreme circumstances, would be to hold that the driver must be rewarded for his intoxication by insulating him from suit by the guest passenger.

Moreover, there was a conflict in the evidence as to the proximate cause of the collision. The plaintiff testified the collision occurred because Trussell took his hands off the wheel and put them in his lap. However, Trussell testified: that he had both hands on the wheel and was not doing anything out of the ordinary; that the automobile was traveling at approximately 40 miles per hour and there was nothing out of control; that the cause of the collision was that the plaintiff jerked the wheel causing the automobile to leave the road.

Therefore, there was a question for the jury as to whether Trussell's intoxication was the proximate cause of the collision or whether it was due to the plaintiff's action in jerking the wheel and if so whether such act constituted negligence.

■ The remaining question for determination is whether the defendant Trussell was in the scope of his employment at the time of the collision. The plaintiff testified: that after they left the drug store he suggested that Trussell take him to his automobile which was at Suburban Plaza and Trussell agreed; that rather than stopping at Suburban Plaza Trussell went on past and started in the direction of Tucker; that "I remembered he had to pick up and relieve the man in Tucker"; that the collision occurred at approximately 7 a. m.

In regard to why he did not turn at the intersection but proceeded in the direction of Tucker, Trussell testified: "A. I don't remember wanting to go to Tucker for anything. If I had to do something in Tucker, I don't recall what I had to do at that time. If it was getting close to 7 o'clock, I would be going to pick up a car, then I would go back to the office at 8 o'clock. Q. Were you all going out there for any other reason? A. No, sir. Q. Were you all going to find some girls? A. No, sir. Q. Were you going to the store in Tucker? A. No. Sir. Q. You weren't going to the Huddle House store in Tucker? A. No, sir. Q. Will you explain why you went over Scott Boulevard? A. No, sir; I can't."

On this same issue he further stated: "Q. All right. Now, was it your intention to go to work right before the accident, or was it your intention to take him to get his car, or just tell us exactly what that was. A. My intention was right prior to the accident happening, was to take him to get his car— and to get his car and I could go home or go into the office. If I went home, I probably, before going to the office, would have called the stores and see if everything was all right and told them I would be in—from my home. In his statement Mr. Lawrence made, he said something, that I was supposed to have gone on this—Tucker, that I was supposed to have gone there, that was the reason that I was heading in that direction. I don't know that to be true or not. As far as my own self goes, I believe that I didn't have any reason to go there. Q. The purpose of your driving was to take him to get his car? A. Yes, sir."

"No duty devolves upon the opposing party to produce rebuttal evidence unless the movant first makes a prima facie showing of right to a summary judgment. *Durrett v. Tunno,* 113 Ga. App. 839, 842 (149 SE2d 826); *Benefield v. Malone,* 110 Ga. App. 607, 610 (139 SE2d 500). 'In order to pierce allegations of material fact contained in the plaintiff's petition, the evidence offered by defendant on motion for summary judgment must unequivocally refute those allegations and must clearly show what is the truth of the matter alleged. It is not sufficient if the evidence merely preponderates toward defendant's theory rather than plaintiff's or if it does no more than

disclose circumstances under which satisfactory proof of plaintiff's case on trial will be highly unlikely.' *Watkins v. Nationwide &c. Ins. Co.*, 113 Ga. App. 801, 802 (149 SE2d 749)." *Shadix v. Dowdney*, 117 Ga. App. 720 (162 SE2d 245). " 'The burden is upon the moving party, and the party opposing the motion is given the benefit of all reasonable doubts and all favorable inferences that may be drawn from the evidence. *Holland v. Sanfax Corp.*, 106 Ga. App. 1 (126 SE2d 442).' *Internat. Brotherhood v. Newman*, 116 Ga. App. 590, 592 (158 SE2d 298)." *Colonial Stores, Inc. v. Turner*, 117 Ga. App. 331, 333 (160 SE2d 672).

Trussell's testimony was contradictory and ambiguous. He testified that: "I don't remember wanting to go to Tucker for anything. If I had to do something in Tucker, I don't recall what I had to do at that time"; that he was not going to the Huddle House in Tucker; that he could not explain why he went in the direction of Tucker; that he did not know if the plaintiff's statement that he was supposed to go to Tucker was true or not.

Trussell's testimony did not unequivocally refute the allegation of the petition that he was within the scope of his employment at the time the collision occurred. From his testimony it is not clear whether he was in fact en route to Tucker and if so for what reason.

There was no burden on the plaintiff, in opposition to the motion for summary judgment, to prove that Trussell was within the scope of his employment until this allegation had been pierced. There remained a genuine issue as to this material fact.

The denial of the motion for summary judgment was not error.

*Judgment affirmed. Felton, C. J., and Pannell, J., concur.*